UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PETER LINDNER,

        Plaintiff,

    -v.-

AMERICAN EXPRESS COMPANY,

        Defendant.

------------------------------------------------------------x

**ORDER**

10 Civ. 2228 (JSR)(JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/10

**James L. Cott, United States Magistrate Judge.**

This case has been referred to me for general pre-trial supervision and for a report and recommendation on any dispositive motions. Plaintiff Peter Lindner, proceeding pro se, filed the complaint in this action on March 15, 2010, and the summons was issued on that date. Plaintiff also filed, together with the complaint, a copy of an affirmation of service indicating that he had served a copy of the complaint upon Defendant American Express Company on January 29, 2010. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to arrange for service of the summons by July 13, 2010. There being no indication that Plaintiff had served the summons, by Order dated July 15, 2010, I directed Plaintiff to effect service by August 13, 2010, or if no application was made by that date to extend the time for service, advised that the complaint might be dismissed without prejudice.

By letter dated August 11, 2010, Plaintiff requests an additional thirty (30) days until September 13, 2010, to file an amended complaint and to effectuate service upon Defendant.

1

USDC SDNY
DATE SCANNED 8/18/10

Plaintiff also requests that Defendant "be compelled to produce all documents in searchable format, in accordance with FRCP 26 standard."

Under Rule 4(m), a plaintiff may "avoid dismissal by demonstrating good cause for failing to effect service in a timely manner." Koulkina v. City of New York, 06 Civ. 11357 (SHS) (HBP), 2009 WL 210727, at *4 n.10 (S.D.N.Y. Jan. 29, 2009). While a pro se plaintiff proceeding in forma pauperis may not escape the "good cause" requirement by virtue of his status, "the Court may nevertheless exercise its discretion and extend the time to serve." Harper v. NYC Admin. for Children's Serv., 09 Civ. 2468 (JGK), 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010). See also Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (extension of time to serve in absence of good cause within discretion of district court under Rule 4(m)).

I find that Plaintiff has shown such good cause. In his August 11 letter, Plaintiff advises the Court that he has not been able to take time off from his new job to obtain a copy of the summons from the Court. Moreover, given the relatively short time frame involved, Defendant has not been prejudiced by the delay, Zapata, 502 F.2d at 197, and "proper service may still be obtained." Jaiyeola v. Carrier Corp., 73 Fed. Appx. 492, 494 (2d Cir. 2003). Accordingly, leave to serve and file an amended complaint is granted. The Court notes, however, that since Plaintiff has served the original complaint upon Defendant (and has done so in other litigations as well), Plaintiff is familiar with effecting service upon this particular defendant. Therefore, no further extensions shall be granted. Should Plaintiff fail to file and serve the amended summons and complaint by September 13, 2010, I will recommend to the district court that this action be dismissed without prejudice pursuant to Rule 4(m).

Plaintiff's request to compel Defendant to produce discovery under Rule 26 is denied. Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f)(1) requires that the parties "confer as soon as practicable" regarding the scheduling of discovery. To the extent that Plaintiff seeks initial disclosures pursuant to Rule 26(a)(1), Plaintiff makes no showing that he has attempted to meet and confer with Defendant regarding such disclosures, nor is Defendant obligated to comply with discovery requests since service of the amended summons and complaint has not been properly effected. In the event Defendant – after being properly served– declines to produce discovery, then Plaintiff may seek court intervention following the procedure set forth in Local Rule 37.3.

Plaintiff is reminded that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007 (Telephone: (212) 805-0175) may be of assistance in connection with court procedures.

SO ORDERED.

Dated: New York, New York
August 17, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been mailed to the following:**

Peter Lindner
1 Irving Place
#G-23-C
New York, NY 10003

Pro Se Office - Room 230

Hon. Jed S. Rakoff