UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
PETER LINDNER,
                        Plaintiff,

        -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
                        Defendants
------------------------------------X

Honorable Magistrate Judge Cott

10 Civ. 2228 (JSR-JLC)

REQUEST FOR CONFERENCE ON DISCOVERY

Friday, October 22, 2010 8:31 AM

To the Honorable Magistrate Judge Cott:

In an abundance of caution, I hereby formally request a "Pre-Motion Conference" as per Your Honor's Rule II(A)(1) below. However I regret to inform Your Honor that I am unable to "certify that the required in-person or telephonic conference took place between counsel for the relevant parties." I feel that is because Mr. Sacca of Skadden is playing hardball, and has first postponed talking about the subject, and then refused to deal with it, as I understand Mr. Sacca's position. I laid out many of the points of contention in discovery, including NY State and SDNY rules on preservation of evidence, and use of ESI, especially in my 8-page letter to Mr. Sacca of Wednesday, October 13, 2010 11:00 PM, which I shall not include since Your Honor's rules request that email between the lawyers should not be included.[1]

Excerpt from "April 6, 2010   Individual Practices Of Magistrate Judge James L. Cott "

    "II. Motions

        A. Pre-Motion Conferences in Civil Cases. As described below, pre-motion conferences are required where the proposed motion is returnable before Judge Cott, except that no pre-motion conference is required for motions to dismiss in lieu of answer, motions for

---

[1] I ask indulgence on including emails to Mr. Sacca in my brief which I faxed to Your Honor this morning on Thursday, Oct. 21, 2010, which I did to demonstrate that I tried mightily to have a good faith conference. I tried that hard since Mr. Sacca's predecessor was fighting me every step of the way, including in my deposition of Amex VP Qing Lin, where Ms. Park refused to allow me to have Qing answer what was his name upon birth: that had to be settled by calling the Magistrate Judge in the case – it turned out that his birth name was also "Qing Lin", so that the fight was merely to test me and waste time.

1

admission *pro hac vice,* motions for reconsideration or reargument, motions listed in Fed. R. App. 4(a)(4)(A), any post-judgment motions, and applications made by order to show cause.

1. <u>Discovery Motions</u>. No motion relating to discovery (that is, any dispute arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure) shall be heard unless the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute. Counsel must respond promptly (normally, within one business day) to any request from another party to confer in accordance with this paragraph. If the conference with the relevant parties has not resolved the dispute, the moving party must inform the parties during the conference that the moving party intends to seek relief from the Court regarding the dispute. The moving party must thereafter promptly request a conference with the Court pursuant to Local Civil Rule 37.2. To request a conference with the Court, the moving party shall submit a letter setting forth the basis of the dispute and the need for the anticipated motion. The letter must certify that the required in-person or telephonic conference took place between counsel for the relevant parties. The party opposing the requested relief should submit a letter to the Court in response as soon as practicable.

[page] 2 "

The remainder of this letter is that I wish to outline the basis of our "dispute", which I can categorize as Amex wishes to turn over no documents, agree to no listing of Attorney privileged documents, refuse to inventory the electronic and the non-electronic documents / memos / notes / photos / texts / phone logs / personnel files, and that Amex will not divulge the name of the keeper of records, confirm whether Jason Brown is still an Amex employee, whether Qing left Amex because of my speech in the April 2009 Amex Shareholder meeting, and whether Ash Gupta had any knowledge of the events before, during or after Qing spoke to Boaz Salik in violation of both the June 2000 Amex Lindner contract and of the Amex Code of Conduct, and access to all the documents specified / suggested by the SDNY form for EEOC suits (of which this is one, since it combines EEOC violations with an attempt to get Amex to address its failures by proactive measures, much the same as a corporation would include in its statements that the corporation will not discriminate on the basis of age, race, religion, etc.) .

I think it is fair to say that Amex will also oppose deposing Ms. Park to see if she knew that the document contained a false statement (but still was presented to The Court in April 2009) asserting that Amex never before tried to stop me from communicating with the Securities and Exchange Commission, when in fact Ms. Park was present in the 2007 meeting where indeed Amex did make such a prohibition on communicating with the SEC, and that Ms. Park was present in Court when Mr. Sacca repeated that assertion to counter my saying that Amex did stop

2

me from communicating to the SEC, which would be a violation under NY Judiciary §487 of 'intent to deceive' the Court, which would allow me treble damages in a separate civil action, given that Your Honor can certify these facts. I note that the 'intent to deceive' the Court need not be successful in order to be intended, and that NY Judiciary §487 is valid in SDNY under Local Rules 1.5 in two ways:

> "**Local Civil Rule 1.5. Discipline of Attorneys**
> ...
>> (b) Grounds for Discipline or Other Relief. Discipline or other relief, of the types set forth in paragraph (c) below, may be imposed, by the Committee on Grievances, after notice and opportunity to respond as set forth in paragraph (d) below, if any of the following grounds is found by clear and convincing evidence:
>> ...
>>> (5) In connection with activities in this court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York, and as interpreted and applied by the United States Supreme Court, the United States Court of Appeals for the Second Circuit, and this court."

And also that Your Honor may act upon this:

> "(f) **Remedies for Misconduct.** The remedies provided by this rule are in addition to the remedies available to individual judges and magistrate judges under applicable law with respect to lawyers appearing before them. Individual judges and magistrate judges may also refer any matter to the chief judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief pursuant to this rule."

For the record, I include ¶(c) which is alluded to:

> "(c) Types of Discipline or Other Relief.
>
>> (1) In the case of an attorney admitted to the bar of this court, discipline imposed pursuant to paragraph (b)(1), (b)(2), (b)(3), or (b)(5) above may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys admitted to the bar of this court.
>
>> (2) In the case of an attorney not admitted to the bar of this court, discipline imposed pursuant to paragraph (b)(5) or (b)(6) above may consist of a letter of reprimand or admonition, censure, or an order precluding the attorney from again appearing at the bar of this court.
>
>> (3) Relief required pursuant to paragraph (b)(4) above shall consist of suspending the attorney from practice before this court."

I omit ¶(d), which is several pages long.

3

So, I feel that Mr. Sacca and Amex need to obey the NY State and the SDNY law, and FRCP 26 and Your Honor's rules, which unfortunately as I see it, Mr. Sacca is willing to flout as long as he can. I pray for Your Honor to relieve this dilemma I am in, and ORDER that Mr. Sacca comply with discovery in good faith in order to preserve evidence, as is one of the exceptions of the law which Mr. Sacca's filing of Oct 20, 2010 recognizes. By the way, Mr. Sacca spelled my name wrong in the title of the case: I am Lindner, ~~not Linder~~, and I believe the case is captioned *American Express Co., et al.*, so as to include the other 4 defendants who are "CEO Ken Chenault, Banking President Ash Gupta, (Former) Secretary of the Corporation Stephen Norman and General Counsel Louise M. Parent". This is not a trivial point, since each of them (I allege) played a part in aiding and abetting the violation of Qing of the EEOC laws, and of the June 2000 contract and of the SEC filed Amex Code of Conduct and of the breach of the most fundamental of SEC principles—that of not providing misleading information and erring on the side of characterizing the pitfalls as well as the upside of the information to shareholders.

Here's the wrongly titled case:

October 20, 2010

**By Hand Delivery**

The Honorable James L. Cott
United States District Court
500 Pearl Street
New York, NY 10007-1312

Re:   *Linder v. American Express Co.*,
       No. 10 Civ. 2228 (JSR) (JLC)

Dear Judge Cott:

Now, of course I reserve the right to reply to Mr. Sacca's letter of today, but I should add that I looked up the intent of the law 15 U.S.C. §78u-4(b)(3)(B), and it was to prevent "fishing expeditions for evidence":

> " 15 U.S.C. §78u-4(b)(3)(B). In passing this provision, Congress sought to prevent plaintiffs from conducting fishing expeditions for evidence and to stem the extraordinary costs of discovery and settlements for claims that could not withstand dismissal. The legislative history leaves no doubt that the discovery stay provision was intended to be a

4

complete stay absent some "exceptional circumstance" requiring limited discovery to preserve evidence or prevent undue prejudice.1
[footnote 1:] 1. S. Rep. 104-98, at 14 (1995), as reprinted in 1995 U.S.C.C.A.N. 679, 693."
[New York Law Journal, Volume 242—NO. 111, Wednesday, November 9, 2009, "Are the PSLRA Discovery Stay Exceptions Swallowing the Rule?", by Sarah S. Gold and Richard L. Spinogatti, along with Evan B. Citron and Sam S. Yebri]
http://www.proskauer.com/files/News/f8f5c856-1e4f-411e-a9e8-8431bb01fdc9/Presentation/NewsAttachment/a827f154-167e-45eb-b458-372392fa6b30/Are-the-PSLRA-Discovery-Stay-Exceptions-Swallowing-the-Rule.pdf

My situation is quite the reverse. I am not asking for "hundreds of thousands of pages" as per *In Re Smith Barney Transfer Agent Litig.*, No. 05-7583 (S.D.N.Y. June 26, 2006), but rather I ask for a set of information about a handful of executives who knew or should have known that their formerly accused employee Qing Lin had been re-accused with particular evidence, and ignored it for several years, to the point of indicating the Plaintiff Lindner perhaps had "auditory hallucinations" causing Plaintiff to imagine that Plaintiff was told by FischerJordan about the comments made by Qing. This is quite different from producing "hundreds of thousands of pages to the SEC" as Stanford summarizes here:

"Prior to the settlement, Citigroup and Smith Barney produced hundreds of thousands of pages to the SEC."
["Securities Fraud Class' Motion To Lift Discovery Stay Denied Pursuant To PSLRA; *In Re Smith Barney Transfer Agent Litig.*, No. 05-7583 (S.D.N.Y. June 26, 2006)" Copyright © 2001[sic], Stanford Law School, Stanford Securities Class Clearinghouse]
http://securities.stanford.edu/news-archive/2006/20060815_Dismissal101855_III.html

Thus, the combination of limited number of people at Amex, their knowledge of a specific act by Qing Lin, and the subsequent (alleged) cover up, and Qing's admission of the breach several months before leaving Amex, creates a circumstance that is quite different from a class action suit. That being said, I reiterate that I can't at this point reply to Mr. Sacca's brief, since I can't even find the *Smith Barney* case on Pacer, let alone rebut it. (As best I can tell, Mr. Sacca provided several Westlaw cases, but not that *Smith Barney* case.)

I apologize to Your Honor for this lengthy letter asking a simple pre-motion conference, but I feel (perhaps rightly) that Mr. Sacca would go at great lengths to deny the obvious, and to stall discovery and the turning over of data, lest it be spoilt as I fear it may well be. I also ask The Court to require Mr. Sacca to comply with NY State Law and bring an expert on the ESI technology for discovery, perhaps the Amex custodian of documents, who can speak with expertise on the particulars of the documents sought and what safeguards were and will be put in place for protection.

5

Dated: New York, NY
       Friday, October 22, 2010

By: _____  10/26/2010
     Peter Lindner
     Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax:   212-979-9647
Cell:           917-207-4962
Email:        nyc10003@nyc.rr.com

**Errata**: This Friday, October 22, 2010 version b corrects some ministerial errors of the wrong title. Accordingly, the signing date has been changed to reflect that. Some of the corrections were made by hand and initialed, with copies sent to Defendants and to Your Honor Magistrate Judge Cott, so this is the authoritative version. The filename of this document has been added to the bottom of the page. Also, on page 4, Plaintiff mentions that Defendants captioned the case wrongly, which as it turns out, I (Plaintiff Lindner) have also done, so I apologize for my error, and hope that I have not been too harsh on the Defendants' error, as I err too. In the title, I don't use my middle initial, which was done for simplicity of being on the Amex ballot. Either Peter Lindner or Peter W. Lindner is correct.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
PETER LINDNER,

                Plaintiff,                        Honorable Magistrate Judge Cott

        -against-

                                          10 Civ. 2228 (JSR-JLC)

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION    AFFIRMATION OF SERVICE
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
                Defendants
------------------------------------X

Date:  Friday, October 22, 2010

I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the "Request for Conference on Discovery" upon The Pro Se Office and via email to Joe Sacca of Skadden, and via fax to Magistrate Judge Cott whose addresses are:

| | |
|---|---|
| Joe Sacca, Esq. | Magistrate Judge Cott & |
| Skadden, Arps, Slate, Meagher & Flom LLP | Pro Se Office |
| Four Times Square | US District Court SDNY |
| New York, New York 10036 | United States Courthouse |
| Phone: 212.735.3000 | 500 Pearl Street |
| Fax: 917-777-2358 | New York, New York 10007-1312 |
| F: 212.735.2000/1 | Pro Se Office phone: 212-805-0175 |
| Joseph.Sacca@skadden.com | |

by email, fax, in person (and/or USPS).

Since I faxed the document to His Honor Magistrate Judge Cott, there is no need for a hard copy for His Honor. This is a revised version to correct ministerial errors of what I submitted yesterday (errata: missing case number and corrected names on case). The Pro Se Office said I only need send a final copy.

By: _/s/ Peter Lindner_      10/26/2010
                           Dated: October 22, 2010 & October 26, 2010
    Peter W. Lindner          New York, NY
    (Peter Lindner)
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:           917-207-4962
Email:        nyc10003@nyc.rr.com

Affirmation of Service ver b  to Amex on Oct 22 2010 Request for Discovery Conference.doc