USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
PETER LINDNER,                                              :
:
            Plaintiff,              :    MEMORANDUM AND ORDER
:
    -v.-                                                  :    10 Civ. 2228 (JSR)(JLC)
:
AMERICAN EXPRESS COMPANY, et al.,                           :
:
            Defendant.              :
:
------------------------------------------------------------x

**James L. Cott, United States Magistrate Judge.**

On March 15, 2010, plaintiff Peter Lindner, proceeding pro se, commenced this action against American Express Company ("American Express"). (Doc. No. 2). Mr. Lindner amended the complaint on August 31, 2010 to add defendants "CEO Ken Chenault, Banking President Ash Gupta, (Former) Secretary of the Corporation Stephen Norman and General Counsel Louise M. Parent" (the "Amended Complaint"). (Doc. No. 6). The Amended Complaint alleges, among other things, that Mr. Lindner was barred by Defendants from introducing a proposal at the 2007 and 2009 American Express shareholder meetings, and from speaking at the 2007 shareholder meeting. The Complaint also appears to allege that Defendants have made certain misrepresentations or omissions at shareholder meetings and/or in "filings with the SEC." (Am. Compl., Attachment, p.1, ¶¶ 3-4 & p.2, ¶ 4). Mr. Lindner seeks an injunction compelling Defendants to include his proposal in the April, 2011 proxy materials. On

USDC SDNY
DATE SCANNED 11/9/10

October 20, 2010, defendants American Express, Ken Chenault, Louise Parent, and Ash Gupta filed a motion to dismiss the Complaint in its entirety.[1] (Doc. No. 14.)

On October 21, 2010, without permission from the Court to do so, Mr. Lindner filed a motion to compel discovery. (Motion to Compel dated Oct. 21, 2010 (Doc. No. 17)). He seeks, among other things, the production of "material weekly via DVD." (Id., p. 2). He also requests that the Court set a discovery schedule. Defendants American Express, Mr. Chenault, Mr. Gupta, and Ms. Parent opposed Mr. Lindner's request by memorandum dated October 28, 2010, arguing that the Private Securities Litigation Reform Act of 1995 ("PSLRA") stays all discovery pending resolution of the motion to dismiss. (Opposition to Motion to Compel dated Oct. 28, 2010 (Doc. No. 19)).

On November 2, 2010, the Court granted Mr. Lindner's request for an extension of time to file reply papers until November 5, 2010. (Doc. No. 20). On November 5, Mr. Lindner faxed to my chambers a document styled "Request for Extension Due To Restrictive Covenants With Defendants," wherein he requests a two-week extension of time to file a reply because "Amex has put restrictive covenants on him," apparently in the pending action Lindner v. American Express Corporation, et al., 06 Civ. 3834 (TPG) (THK). Despite his request for a two-week extension, Mr. Lindner faxed, to my chambers the same day, reply papers raising substantive arguments in support of his motion to compel, and an affirmation of service demonstrating that such papers have been served upon opposing counsel. Thus, his request for an extension of time to file a reply in further support of the motion to compel is DENIED. In his reply, Mr. Lindner argues

---

[1] The docket does not reflect that service of the summons and complaint has been effected on defendant Stephen Norman.

2

that the stay provision of the PSLRA applies to class action cases only, and that even if the stay provision does apply here, it should be lifted to prevent Defendants from destroying evidence.

The PSLRA provides that, in a securities fraud action, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The automatic stay provision applies in actions involving individual plaintiffs. See Schnall v. Proshares Trust, No. 10 Civ. 3042 (JGK), No. 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1 (S.D.N.Y. May 17, 2010) (declining to lift discovery stay in case commenced by individual plaintiffs); In re Trump Hotel Shareholder Deriv. Litig., No. 96 Civ. 7820 (DAB) (HBP), 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (rejecting plaintiffs' argument that discovery stay applies only in securities class action). The automatic stay provision was enacted by Congress in an effort "to prevent plaintiffs from filing securities fraud lawsuits 'as a vehicle in order to conduct discovery in the hopes of finding a sustainable claims [sic] not alleged in the complaint.'" In re LaBranche Sec. Litig., 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) (internal citations omitted).

The stay provision is balanced by the requirement that parties in a securities action preserve evidence "as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(b)(3)(C)(I). As the statute expressly states, the automatic stay can be lifted to preserve evidence. Id., § 78u-4(b)(3)(B). In such case, there must be "imminent as opposed to merely speculative" risk that evidence will not be preserved. In re Vivendi Universal, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (quoting Sarantakis v. Gruttadauria, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002)). See also In re Merrill Lynch & Co., Inc. Research

3

<u>Reports Sec. Litig.</u>, No. 02 MDL 1484 (MP), 01 Civ. 6881 (MP), 2004 WL 305601, at *1 (S.D.N.Y. Feb. 18, 2004).

Because Mr. Lindner seeks to compel the Defendants to include his proposal in American Express proxy materials, and because he alleges misrepresentations in connection with submissions to the Securities and Exchange Commission, his claims appear to arise under Sections 10(b) and 14 of the Securities Exchange Act. 15 U.S.C. §§ 78j(b) (governing the "purchase or sale of any security"), 78n (governing proxy statements). Mr. Lindner argues that the automatic stay should be lifted because Defendants may have failed to preserve evidence, but offers no reasonable basis for the Court to conclude that Defendants have not complied with their statutory obligation to preserve such evidence. His conclusory allegation that "[g]iven . . . the stakes involved, . . . it is quite likely that evidence was not preserved, and may even be tampered with as we speak," (Motion to Compel, p. 4), is mere speculation and an insufficient basis for the Court to order discovery before the motion to dismiss is decided. <u>In re Vivendi Universal</u>, 381 F. Supp. 2d at 130.

Accordingly, Mr. Lindner's request that the Court compel Defendants to produce discovery is DENIED without prejudice. Should any claims survive the motion to dismiss, the Court will enter a discovery schedule at that time.

SO ORDERED.

Dated: New York, New York
November 8, 2010

JAMES L. COTT
United States Magistrate Judge

4

**Copies of this Order have been mailed to the following:**

Peter Lindner
1 Irving Place
#G-23-C
New York, NY 10003

Douglas M. Kraus
Skadden, Arps, Slate, Meagher & Flom LLP (NYC)
Four Times Square
42nd floor
New York, NY 10036
212-735-3000 x2510
Fax: 917-777-2510
Email: dkraus@skadden.com

Joseph N. Sacca
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-3522
Tel: 212-735-3000
Fax: 212-735-2000
Email: jsacca@skadden.com

Hon. Jed S. Rakoff