# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2358
DIRECT FAX
(917) 777-2358
EMAIL ADDRESS
JOSEPH.SACCA@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 6, 2010

**By Facsimile**

The Honorable James L. Cott
United States District Court
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-7990

RECEIVED DEC 0 2010 CHAMBERS OF JAMES L. COTT U.S.M.J.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/8/10

Re: *Lindner v. American Express Co.*,
No. 10 Civ. 2228 (JSR) (JLC)

Dear Judge Cott:

Our firm represents Defendants American Express Company ("American Express"), Kenneth Chenault, Ashwini Gupta and Louise M. Parent (collectively, "Defendants") in the above-referenced action, which has been referred to Your Honor by Judge Rakoff for general pretrial matters and dispositive motion practice.

On October 20, 2010, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff Peter Lindner's deadline to respond to our motion is December 9, 2010.

We write now to advise the Court of certain events that we believe will change the current legal "landscape" of this action, and warrant holding in abeyance any further briefing on Defendants' Motion to Dismiss.

Mr. Lindner's Amended Complaint seeks, *inter alia*, relief related to the inclusion of Mr. Lindner's shareholder proposal in American Express' proxy materials for its 2011 Annual Meeting of Shareholders ("Annual Meeting"), which is scheduled to be held in April 2011. However, as Defendants argued in the Motion to Dismiss, Mr. Lindner's claims relating to the 2011 Annual Meeting were premature because Mr. Lindner had not yet submitted a shareholder proposal for inclusion in American Express' 2010 proxy materials.

USDC SDNY
DATE SCANNED 12/8/10

> Given American Express's application to the SEC, the briefing on the motion to dismiss will be held in abeyance until further order of the Court. Plaintiff does not have to file his opposition papers on December 9. Defendants are to advise the Court no later than February 1, 2011 as to the status of the "no action" letter request. A revised briefing schedule will follow. SO ORDERED. James L. Cott USMJ 12/8/10

The Honorable James L. Cott
December 6, 2010
Page 2

Subsequent to the filing of the Motion to Dismiss, however, Mr. Lindner submitted a shareholder proposal pursuant to Rule 14a-8 under the Securities Exchange Act of 1934 ("Rule 14a-8") for inclusion in American Express' proxy materials for the 2011 Annual Meeting ("Proposal").

American Express believes that in accordance with the provisions of Rule 14a-8 it is not required to include Mr. Lindner's Proposal in its proxy materials, and has decided to seek a "no-action" letter from the Staff of the Securities and Exchange Commission (the "SEC Staff") confirming that the SEC Staff would not recommend enforcement action if American Express excludes Mr. Lindner's Proposal from the its 2011 proxy materials. American Express intends to submit its no-action request to the SEC Staff this week.

The SEC Staff's response to the no-action request will almost certainly affect the future course of this action. If the SEC Staff denies the request, American Express will include Mr. Lindner's Proposal in its proxy materials, and this action would then be moot. On the other hand, if the SEC Staff grants the no-action request, and American Express excludes Mr. Lindner's Proposal from its proxy materials, Mr. Lindner may wish to challenge such action, and to amend his complaint to reflect the relevant facts concerning the SEC Staff's action and the basis therefor. In addition, the Court may find it useful to know whether the SEC Staff grants American Express' no-action request, and the basis of such ruling, before considering the parties' respective contentions in this case.[1]

It is likely that the SEC Staff will rule on American Express' no-action letter request not later than the end of January 2011. We will advise Your Honor promptly upon receiving notice of the SEC Staff's action. In the meantime, we respectfully request that further briefing on Defendants' Motion to Dismiss be held in abeyance.[2]

Respectfully,

Joseph N. Sacca

cc (by email): Peter Lindner

---

[1] Mr. Lindner's current Amended Complaint purports to raise additional claims that are unrelated to American Express' 2011 Annual Meeting. However, we believe that to the extent Mr. Lindner's allegations assert any legally cognizable claim, those claims are – and will remain – moot, regardless of the outcome of the SEC no-action letter process, for the reasons set forth in Defendants' Motion to Dismiss. We also believe, however, that it would be most efficient to hold further briefing on the claims in abeyance, pending the outcome of the no-action letter process, so that all the claims in this case can be addressed at the same time and in a coordinated fashion.

[2] We will, of course, provide Mr. Lindner with a copy of American Express' no-action letter request when it is filed, in accordance with the SEC's rules.