*original with notary seal for Pro Se Office*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| PETER LINDNER, | HONORABLE MAGISTRATE JUDGE |
| Plaintiff, | COTT |
| -against- | 10 CIV. 2228 (JSR-JLC) |
| AMERICAN EXPRESS COMPANY, CEO KEN CHENAULT, BANKING PRESIDENT ASH GUPTA, (FORMER) SECRETARY OF THE CORPORATION STEPHEN NORMAN AND GENERAL COUNSEL LOUISE M. PARENT, | PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE OR AN ACTUAL IN PERSON CONFERENCE |
| Defendants | |

------------------------------X

Thursday, March 17, 2011

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/11

SCANNED

PRO SE OFFICE

## Contents

Affidavit ............................................................................................................................. 2
Motion .............................................................................................................................. 6
  Oral Arguments Requested ........................................................................................... 6
  Attachment A: 4 page opinion by US 2nd Circuit on 06-2364-cv Amalfitano v. Rosenberg ................ 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

| | |
|---|---|
| PETER LINDNER, | HONORABLE MAGISTRATE JUDGE |
| Plaintiff, | COTT |
| -against- | 10 CIV. 2228 (JSR-JLC) |
| AMERICAN EXPRESS COMPANY, CEO KEN CHENAULT, BANKING PRESIDENT ASH GUPTA, (FORMER) SECRETARY OF THE CORPORATION STEPHEN NORMAN AND GENERAL COUNSEL LOUISE M. PARENT, | AFFIDAVIT FOR PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE OR AN ACTUAL IN PERSON CONFERENCE |
| Defendants | |

------------------------------------X

Thursday, March 17, 2011 10:26 AM

## Affidavit

STATE OF NEW YORK   )
                    :   SS.:
COUNTY OF NEW YORK  )

PETER LINDNER, being duly sworn, says:

1. I am the Plaintiff in this action and make this affidavit to ensure that true facts are not overlooked or disregarded.

2. I have tried more than two times in writing and also by phone to settle these points on "intent to deceive" the Court with Joe Sacca, who has replied rudely, threateningly, and without justification that he does not wish to talk to me; specifically writing: "First, as I have explained to you numerous times, your allegations that I engaged in unethical conduct in your earlier action against American Express before Judge Koeltl are baseless. It is evident that further discussion between us on this topic will continue to be unproductive, and I therefore decline your offer to "negotiate" on this issue."

3. I make this affidavit on personal knowledge and from research on my files about my 2 cases:
   a. 10cv2228 *Peter Lindner v American Express Company, CEO Ken Chenault, Banking President Ash Gupta,(Former) Secretary Of The Corporation Stephen Norman And General Counsel Louise M. Parent*, and also
   b. 06cv3834 *Lindner v American Express and Qing Lin*.

2

4. [This item is duplicative of the affidavit of 3/14/2011] I personally witnessed Amex ("American Express") intend to deceive the Court (at the time I was not aware of NY Judiciary §487 existing, nor aware that it also applied to SDNY under Local Rule 1.5) on more than one occasion.

    a. Amex's attorney Jean Park of KDW did

        i. Falsely inform the Court that Stephen Norman and Ash Gupta were not involved in my June 2000 Lindner Amex settlement agreement, when in fact Ash Gupta was.

        ii. Falsely inform the Court that Qing did not say anything negative about me, when in fact

            1. The June 2000 Settlement Agreement said Qing should give no information at all

            2. Ms. Park had evidence from Qing that he told my prospective employer who is a vendor for Amex and for Qing that "I don't think Peter Lindner can work at Amex." This is not only negative, but also not true, and also a violation of not giving any information.

        iii. Submit a document with the false allegation that Amex did not prevent me from communicating to the SEC prior to April 2009.

    b. Amex's attorney Joe Sacca, Esq. of Skadden did

        i. Falsely inform the Court that Amex had never stopped me from communicating with the SEC in any forum including the Courts, when in fact his co-counsel Jean Park, and his client Amex VP Jason Brown Esq. in the Amex General Counsel's Office, did both insist on that restriction in April 2007 by trying to enforce an alleged oral agreement.

        ii. Falsely orally try (and succeed) in April 2009 to rebut my assertion that the Court did stop me from communicating with the SEC and attending the Shareholders' meeting (the two are linked, since a shareholder's meeting is an SEC event) nor speaking at said shareholder's meeting in April 2007.

5. [This item is duplicative of the affidavit of 3/14/2011] I assert that NY Judiciary §487 "intent to deceive" the Court does not depend on successful deceit, since the history of this law (some 700 years old – see memo of law) is to help the Court by having a reliable, truthful Officer of the Court, who will not intend to deceive it.

6. [This item is duplicative of the affidavit of 3/14/2011] I modified my Shareholder Proposal, since even though it was about gay sexual discrimination, the SEC told me it has to contains the word "discrimination" within its 4 corners for that to apply, even though Amex knew it was about discrimination, which is a socially significant area.

3

7. [This item is duplicative of the affidavit of 3/14/2011] Furthermore, when I mentioned my conversation as the reason for the SEC rejection (that I must insert the word "discrimination"), I later found out from that person at the SEC that Amex complained to SEC about coaching me, and the guy was reprimanded, thus showing that Amex is punitive.

8. Although Mr. Sacca insists that I am not entitled to a conference but only a pre-motion conference, I note that Your Honor can waive that requirement, which I hereby ask.

    a. That waiver is mentioned in Your Honor's Individual Rules

    **"II. Motions**

    **A. Pre-Motion Conferences in Civil Cases.** As described below, unless waived by the Court, pre-motion conferences are required where the proposed motion is returnable before Judge Cott..."

9. It is a serious thing when someone gives false information to the Court, however in NY State, there is a special law for more severe penalties for a lawyer doing so, even when there is just an "intent to deceive" a Court. I assert that the legal team of Sacca of Skadden and Park of KDW had such intent.

10. Given that I have been rejected (more than once) to amicably settle this out of court, so that Your Honor would get true information on Amex's actions to stop me from communicating with the SEC, I find it imperative that Your Honor hear directly from the one, two or more actors (all attorneys) who I assert have stopped me from communicating with the SEC, and from the two (or more) attorneys who have represented to USDJ Koeltl that Amex did not prevent me in any forum from communicating to the SEC.

11. I assert that to the best of my knowledge, the attorneys who **stopped me from communicating to the SEC**

    a. utilized Magistrate Judge Katz to do so, and

    b. the **attorneys** involved were:
        i. Jean Park, Esq. of Kelley Drye Warren
        ii. Jason Brown, Esq. of American Express (General Counsel's Office)
        iii. Harold Schwartz, Esq. of American Express (General Counsel's Office)
        iv. (Possibly) Stephen Norman, Esq. of American Express (Secretary of the Corporation)

12. I assert that to the best of my knowledge, the attorneys who had "intent to deceive" the Court that Amex did not prevent me in any forum from communicating to the SEC prior to 2009 **also** included these attorneys:
    a. Joe Sacca, Esq. of Skadden
    b. Daniel E. Stoller, Esq. of Skadden
    c. Douglas M. Kraus
    d. Sarah Bender-Nash

4

13. However, I believe it will only require Ms. Park and Mr. Sacca to confirm the "intent to deceive":

    a. Mr. Sacca to confirm that he did represent to USDJ Koeltl that Amex did not (attempt to) stop me from communicating with the SEC prior to 2009.

    b. Ms. Park to confirm that she did get Magistrate Judge Katz and then possibly also USDJ Koeltl in March/April 2007 for Amex to attempt to

        i. stop me from communicating with the SEC, and

        ii. succeed in doing so until it was reversed by USDJ Koeltl in May 31, 2007, and

        iii. seal the record of those actions, so that I could not publicly display them as proof.

14. If it turns out that Ms. Park denies these allegations, she can be rebutted by:

    a. Magistrate Judge Katz

    b. Robert L. Herbst, Esq. (my ad hoc attorney in April 2007)

    c. Rachel Kleinman, Esq. (my ad hoc attorney in April 2007)

15. However, I feel that Ms. Park will tell the truth to Your Honor, and unless proven otherwise, I would not like to bother the witnesses in paragraph 14: His Honor MJ Katz or my two former attorneys, who have lives of their own (so to speak).

Sworn as true,

By: *[signature]* Peter Lindner   Dated: New York, NY on March 17, 2011
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax:   212-979-9647
Cell:        917-207-4962

Sworn to before me
March 17, 2011

*[signature]*
Notary Public

CYNTHIA M. HARRIS
Notary Public, State of New York
No. 01HA6224506
Qualified in New York County
Commission Expires June 06, 2014

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

| | |
|---|---|
| PETER LINDNER, | HONORABLE MAGISTRATE JUDGE |
| Plaintiff, | COTT |
| -against- | 10 CIV. 2228 (JSR-JLC) |
| AMERICAN EXPRESS COMPANY, CEO KEN CHENAULT, BANKING PRESIDENT ASH GUPTA, (FORMER) SECRETARY OF THE CORPORATION STEPHEN NORMAN AND GENERAL COUNSEL LOUISE M. PARENT, | PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS |
| Defendants | |

------------------------------------------X

Thursday, March 17, 2011
Via Fax: (212) 805-7990

To the Honorable Magistrate Judge Cott:

## Motion

I hereby request Your Honor to waive the requirement for a pre-motion conference and go right to the conference on this issue of whether American Express' attorneys did have "intent to deceive" the Court, which is a violation of NY Judiciary §487. In the alternative, I ask Your Honor to have a pre-motion conference on this issue. I suggest the times of Friday, March 18, 2011 at 11 am, or 2pm, or 4pm; alternately on Monday, March 21 at those same times of 11 am, or 2pm, or 4pm; these can be in person, so that documents can be distributed if needed.

It has been decided in 06-2364-cv *Amalfitano v. Rosenberg* by the US Court of Appeals for the Second Circuit that the mere intent, as opposed to succeeding in the deception, is all that is needed:

```
"...That the defendant's
16 misrepresentation in the complaint did not actually deceive the
17 state courts until later in the litigation does not matter, for
18 "[t]he operative language" of section 487 "focuses on the
19 attorney's intent to deceive, not the deceit's success."
20 Amalfitano, 12 N.Y.3d at 14, 903 N.E.2d at 268, 874 N.Y.S.2d at
21 871."
```
[*Amalfitano v. Rosenberg* July 14 2009 062364pv3; full text in Attachment A]

## *Oral Arguments Requested*

6

I request oral arguments, and a directive to confirm whether Park/Sacca wrongly told His Honor USDJ Koeltl that Amex did not stop my communications with the SEC prior to 2009, when in fact they did so in April 2007, and also to address those many points raised by my adversary which are irrelevant to determining that Amex should have my shareholder proposal and my nomination in their April 2011 proxy.

## *Speed is of the Essence*

Since Amex is having their meeting next month and may have already sent their proxies without my shareholder proposal and nomination in it, relying upon their deceitful presentation to The Court, I ask that Your Honor get Amex to admit their misdeeds and thus change course to include my shareholder proposal, or in the alternative, postpone the April 2011 meeting until they do include those 2 items in the proxy.

By: _____  
    Peter Lindner  
    Plaintiff, *Pro Se*  
1 Irving Place, Apt. G-23-C  
New York, New York 10003

Dated: New York, NY  
March \_\_\_\_, 2011

Home/ Fax: 212-979-9647  
Cell: 917-207-4962  
Email: nyc10003@nyc.rr.com

cc:    USDJ Koeltl  
       J. Sacca, Esq. (who can forward to Ms. Park, his erstwhile co-counsel and the other alleged co-conspirator)

## *Attachment A: 4 page opinion by US 2nd Circuit on 06-2364-cv* Amalfitano v. Rosenberg

```
06-2364-cv
Amalfitano v. Rosenberg
```

|    |                                                                        |
|----|------------------------------------------------------------------------|
| 1  | UNITED STATES COURT OF APPEALS                                         |
| 2  | FOR THE SECOND CIRCUIT                                                 |
| 3  | August Term, 2007                                                      |
| 4  | (Argued: September 6, 2007          Decided: July 14, 2009)            |
| 5  | Docket No. 06-2364-cv                                                  |
| 6  | -------------------------------------                                  |
| 7  | VIVIA AMALFITANO AND GERARD AMALFITANO,                                |
| 8  | Plaintiffs-Appellees,                                                  |
| 9  | - v. -                                                                 |
| 10 | ARMAND ROSENBERG,                                                      |
| 11 | Defendant-Appellant.                                                   |
| 12 | -------------------------------------                                  |
| 13 | Before: WALKER, CALABRESI, and SACK, Circuit Judges.                   |
| 14 | Appeal from a judgment of the United States District                   |
| 15 | Court for the Southern District of New York (Naomi Reice               |
| 16 | Buchwald, Judge). We certified two questions to the New York           |
| 17 | Court of Appeals, see Amalfitano v. Rosenberg, 533 F.3d 117, 126       |
| 18 | (2d Cir. 2008), which it has now answered, see Amalfitano v.           |
| 19 | Rosenberg, 12 N.Y.3d 8, 903 N.E.2d 265, 874 N.Y.S.2d 868 (2009).       |
| 20 | In light of those answers, the judgment is:                            |
| 21 | Affirmed.                                                              |
| 22 |                         WILLIAM J. DAVIS, Scheichet & Davis,           |
| 23 |                         P.C., New York, NY, for Defendant-             |
| 24 |                         Appellant.                                     |
| 25 |                         RICHARD E. HAHN, Llorca & Hahn LLP, New        |
| 26 |                         York, NY, for Plaintiffs-Appellees.            |

8

PER CURIAM:

We return to this appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*). We assume the parties' continued familiarity with the facts and procedural history of this case, and the issues presented on appeal.

On July 15, 2008, we certified two questions to the New York State Court of Appeals:

> (1) Can a successful lawsuit for treble damages brought under N.Y. Jud. Law § 487 be based on an attempted but unsuccessful deceit upon a court by the defendant?
>
> (2) In the course of such a lawsuit, may the costs of defending litigation instituted by a complaint containing a material misrepresentation of fact be treated as the proximate result of the misrepresentation if the court upon which the deceit was attempted at no time acted on the belief that the misrepresentation was true?

*Amalfitano v. Rosenberg*, 533 F.3d 117, 126 (2d Cir. 2008). We noted that we "would almost surely affirm the district court's judgment in its entirety if the New York Court of Appeals determines that section 487 permits the award of treble damages for an attempted deceit of the New York courts." *Id.* The Court of Appeals has now answered both certified questions in the affirmative, *see Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 903 N.E.2d 265, 874 N.Y.S.2d 868 (2009), and, in light of that decision, we do indeed affirm.

"The district court . . . assessed [a base calculation of] damages in the amount of $89,415.18, comprising the

2

1  Amalfitanos' legal fees from the inception of the Costalas
2  litigation to the judgment." Amalfitano, 533 F.3d at 122. As we
3  noted in our previous opinion, such an award assumes that the
4  defendant committed actionable fraud for section 487 purposes
5  from the commencement of the litigation -- i.e., from his filing
6  of the complaint -- at which time the defendant "was [merely]
7  attempting (but failing) to deceive Justice Gammerman, [and] had
8  not yet successfully deceived the Appellate Division into
9  reversing the default judgment." See id. at 125. It also
10 assumes that the fraud was a proximate cause of the defendants'
11 incurring legal fees to defend against the entire litigation,
12 even the period of the litigation before the fraud was
13 successful. See id.
14     In light of the Court of Appeals' answer, we conclude
15 that both assumptions were correct. That the defendant's
16 misrepresentation in the complaint did not actually deceive the
17 state courts until later in the litigation does not matter, for
18 "[t]he operative language" of section 487 "focuses on the
19 attorney's intent to deceive, not the deceit's success."
20 Amalfitano, 12 N.Y.3d at 14, 903 N.E.2d at 268, 874 N.Y.S.2d at
21 871. The defendant does not challenge the district court's
22 finding that his deceit was intentional. See Amalfitano, 533
23 F.3d at 124. Moreover, because the central claim of the
24 complaint was predicated upon a misrepresentation of fact, see
25 id., and because the plaintiffs were "obligated to defend or
26 default" in response to that complaint "and necessarily incur[]

3

1  legal expenses" as a consequence, those expenses "may be treated
2  as the proximate result of the misrepresentation," Amalfitano, 12
3  N.Y.3d at 15, 903 N.E.2d at 269, 874 N.Y.S.2d at 872. We
4  conclude that the district court did not err in treating them as
5  such.
6      For the foregoing reasons, the judgment of the district
7  court is AFFIRMED.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
PETER LINDNER,

                Plaintiff,                    Honorable Magistrate Judge Cott

        -against-

                                          10 Civ. 2228 (JSR-JLC)

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION    AFFIRMATION OF SERVICE
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                Defendants
------------------------------------X

Date: Thursday, March 17, 2011

I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the "Plaintiff's Request For A Pre-Motion Conference Or An Actual In Person Conference" upon The Pro Se Office and via email to Joe Sacca of Skadden, and via fax and/or night depository to Magistrate Judge Cott whose addresses are:

| | |
|---|---|
| Joe Sacca, Esq. | Magistrate Judge Cott & |
| Skadden, Arps, Slate, Meagher & Flom LLP | Pro Se Office |
| Four Times Square | US District Court SDNY |
| New York, New York 10036 | United States Courthouse |
| Phone: 212.735.3000 | 500 Pearl Street |
| Fax: 917-777-2358 | New York, New York 10007-1312 |
| F: 212.735.2000/1 | Pro Se Office phone: 212-805-0175 |
| Joseph.Sacca@skadden.com | MJ Cott fax:       212-805-7990 |
| | MJ Cott Voice:    212-805-0250 |

By: /s/ Peter W. Lindner         Dated: March 17, 2011
     Peter W. Lindner                New York, NY
     (Peter Lindner)
     Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:    212-979-9647
Cell:           917-207-4962
Email:        nyc10003@nyc.rr.com

                Plaintiffs request for pre-motion conference.doc