```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

PETER LINDNER,
              Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
              Defendants

-----------------------------------X

HONORABLE MAGISTRATE JUDGE COTT

10 CIV. 2228 (JSR-JLC)

REPLY TO DEFENDANTS' RESPONSE FOR PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE OR AN ACTUAL IN PERSON CONFERENCE

Friday, March 18, 2011
Via Fax: (212) 805-7990

To the Honorable Magistrate Judge Cott:

    And this is why communication between Mr. Sacca and me would have been helpful: instead of dueling letters, we could have narrowed down the issues before expending Your Honor's time.

    Apparently Mr. Sacca considers his time as more valuable than Your Honor's.

    Mr. Sacca wrongly alleges in his letter via fax of this morning Friday, March 18, 2011

> 487 of New York's Judiciary Law fails as a matter of law for a number of reasons, including that Lindner makes no allegation of misconduct by any defendant before the Court in this case. Accordingly, Defendants respectfully submit that a "conference" on the allegations relating to Section 487 – which Lindner seems to envision as some sort of expedited trial – is wholly inappropriate at this time.

    On the contrary: having a lawyer deceive the Court – and in this case intentionally – is a serious matter. I allege it is wholly appropriate **at the moment of deception** to look into it, especially when Amex benefits from any delay. The Court and I and Your Honor are all the worse for accepting a deceit whilst the deceptive party benefits in many ways, including especially "playing out the clock" so that the Amex shareholders (of which I am one, and moreover, am in the substantial group of Employee Shareholders who would directly be affected by my shareholder proposal, since it would affect them financially and emotionally).

    **I hereby make an allegation of misconduct by Defendants and their Counsel before the Court.**

1

I note in passing (not to argue the point here, Your Honor) that the reference by Your Honor[1] to §78u to individual plaintiffs in USDJ Koeltl's ruling of May 17, 2010 did not involve individuals, since His Honor USDJ Koeltl consolidated it with a class action suit:

---

[1] Your Honor stated on Nov 9, 2010 in rejecting my assertion that §78u applies in that "The automatic stay provision applies in actions involving individual plaintiffs. See Schnall v. Proshares Trust, No.10 Civ. 3042 (JGK), No. 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1 (S.D.N.Y. May 17,2010) (declining to lift discovery stay in case commenced by individual plaintiffs)"

> "The PSLRA provides that, in a securities fraud action, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The automatic stay provision applies in actions involving individual plaintiffs. See Schnall v. Proshares Trust, No.1 0 Civ. 3042 (JGK), No. 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1 (S.D.N.Y. May 17,2010) (declining to lift discovery stay in case commenced by individual plaintiffs); In re Trump Hotel Shareholder Deriv. Litig., No. 96 Civ. 7820 (DAB) (HBP), 1997 WL 442135, at * 1 (S.D.N.Y. Aug. 5, 1997) (rejecting plaintiffs' argument that discovery stay applies only in securities class action)."
> [Case 1:10-cv-02228-JSR -JLC Document 22 Filed 11/09/10 Page 3 of 5, *Lindner v Amex et al*]

And here's the law's introduction which explicitly states that is is only for "a plaintiff class action":

> "TITLE 15 > CHAPTER 2B > § 78u–4. Private securities litigation
>
> **(a) Private class actions**
>
> **(1) In general**
>
> The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. "

I note that the entire law only mentions "class" twice, and both times in the context of a "Private class actions", which to me means that when the law § 78u–4 states "private", it is a shorthand for "Private class actions".

As to Your Honor's reference to Trump, I could not find the documents on Pacer. However the law firm that won the case makes it clear that it was not a sole pro se litigant, but rather "plaintiff shareholders" and Milberg said today when I called them (Friday, March 18, 2011 1:05 PM) Sara said that they are a "class action firm". Thus, both cases Schnall & Trump are class actions.

> "*In re Trump Hotels Shareholder Derivative Litigation*, No. 96-7820 (S.D.N.Y.). In this case, the plaintiff shareholders asserted various derivative claims on behalf of the company against certain Trump entities and senior Trump executives in connection with the self-serving sale of a failing casino to the company in which the plaintiffs held stock. Milberg negotiated a settlement on behalf of the plaintiffs that required Donald Trump to contribute a substantial portion of his personal interest in a pageant he co-owned. In addition, the settlement required the company to increase the number of directors on its board, and certain future transactions had to be reviewed by a special committee."
> http://www.milberg.com/firm/firm.aspx?pageid=5281

2

> JOHN G. KOELTL, District Judge:
>
> The plaintiffs, Steven and Sherri Schnall (the "Schnalls"), object to defendant ProShares Trust's motion to consolidate this case, Docket No. 10 Civ. 3042, with the thirty-three proposed class actions that have been consolidated under the caption <u>In re Pro Shares Trust Securities Litigation</u>, Docket No. 09 Civ. 6935 (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a). The motion to consolidate is **granted**.

[Case 1:10-cv-03042-JGK Document 17 Filed 05/17/10 Page 1 of 5, Schnall v Proshares Trust; it is co-captioned as: *In re Proshares Trust Securities Litigation* 09cv6935]

Thus, my pro se, individual case cannot be compared to professional, class action cases *Proshares* with *Schnall*; and the class action law firm Milberg's case of *In re Trump Hotels Shareholder Derivative Litigation*.

But that is not the point of my reply to Mr. Sacca's response.

Mr. Sacca relies upon the **previous events as being true, and we now know that they are not true**,[2] and it is a bit like seeing jury tampering and then saying: "Hey the other jury did not find me guilty, so I should be let free." Not quite, but I trust Your Honor understands my point: one should not benefit by one's own wrongful actions; even more so: given that NY Judiciary §487 specifically handles such situations done by Officers of the Court, as opposed to mere defendants. In this situation, the alleged malfeasants are **both** defendants and lawyers.

In my prior letter of yesterday (3/17/2011) to Your Honor, I noted that Amex has relied "upon their deceitful presentation to The Court", and this also contradicts Mr. Sacca's bland assertion today that I "make no allegation of misconduct ... before the Court."

---

[2] I apologize to Your Honor for the underlines and bold, but I'm an amateur, pro se litigant. A friend of mine who is a lawyer criticized me for writing him a letter with the word "you" underlined and in bold, and took it as an offense that he was not knowledgeable. I mean no such disrespect, and hope that Your Honor realizes that sometimes I can't distinguish the reactions of people, which may be due to my Aspberger's Syndrome (which by the way, I credit Amex in finding out, since their psychiatrist examined me at age 60, and diagnosed that, and I complained to my psychiatrist that he had not told me that, and he said: "Well, it's just a label, and there's nothing that can be done about that to cure you." I would have wanted to know. But now, having known, I apologize for my actual or perceived slights against Your Honor by my lack of understanding of other humans.)

3

Joe Sacca for Amex said 3/18:

> 487 of New York's Judiciary Law fails as a matter of law for a number of reasons, including that Lindner makes no allegation of misconduct by any defendant before the Court in this case. Accordingly, Defendants respectfully submit that a "conference" on the allegations relating to Section 487 – which Lindner seems to envision as some sort of expedited trial – is wholly inappropriate at this time.

I (pro se Plaintiff Peter Lindner) said 3/17:
> "Since Amex is having their meeting next month and may have already sent their proxies without my shareholder proposal and nomination in it, relying upon their deceitful presentation to The Court, I ask that Your Honor get Amex to admit their misdeeds and thus change course to include my shareholder proposal, or in the alternative, postpone the April 2011 meeting until they do include those 2 items in the proxy."

Justice is not served when the rich can use their money and power to get what they want, and that is what I allege is not only happening but also that Amex and their compliant counselors are disobeying NY State and SDNY law/rules in their conduct.

A simple remedy would be to give Amex a chance to modify their deceitful language utterances from the record, and then prosecute severely for any that were not modified. Another is to make Amex promise also to henceforth tell the truth. A third is also to have my Shareholder Proposal and Nomination placed upon the proxy for the April 2011 meeting, or to risk postponing their meeting (which is a solution that Amex is loathe to do for it would highlight their non-compliance with the law) under Court ORDER by Your Honor, and perhaps reschedule the meeting so that the discovery can complete itself with all of the information, including the DVD admissions by former Amex VP Qing and by Jason Brown, Esq. of Amex's General Counsel's Office be made public along with the original transcript proof that Amex did both stop me from contacting the SEC, and that Amex told the opposite to USDJ Koeltl in SDNY. I note that Judges are under oath to administer the law equally between rich and poor, and I am poor and Amex is rich. I ask that Your Honor schedule said conference and get Amex to tell the Court the truth now and forever.

Humbly submitted,

By: *[signature]*
Peter Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Dated: New York, NY
March 19, 2011

Home/ Fax:   212-979-9647
Cell:            917-207-4962
Email:         nyc10003@nyc.rr.com
cc:    USDJ Koeltl
       J. Sacca, Esq. (who can forward to Ms. Park, his erstwhile co-counsel and the other alleged co-conspirator)

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PETER LINDNER,

                Plaintiff,         Honorable Magistrate Judge Cott

    -against-

                                    10 Civ. 2228 (JSR-JLC)

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION    **AFFIRMATION OF SERVICE**
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                Defendants

------------------------------------X

Date: Friday, March 18, 2011

I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the "Reply To Defendants' Response For Plaintiff's Request For A Pre-Motion Conference Or An Actual In Person Conference" upon The Pro Se Office and via email to Joe Sacca of Skadden, and via fax and/or night depository to Magistrate Judge Cott whose addresses are:

| | |
|---|---|
| Joe Sacca, Esq. | Magistrate Judge Cott & Pro Se Office |
| Skadden, Arps, Slate, Meagher & Flom LLP | US District Court SDNY |
| Four Times Square | United States Courthouse |
| New York, New York 10036 | 500 Pearl Street |
| Phone: 212.735.3000 | New York, New York 10007-1312 |
| Fax: 917-777-2358 | Pro Se Office phone: 212-805-0175 |
| F: 212.735.2000/1 | MJ Cott fax: 212-805-7990 |
| Joseph.Sacca@skadden.com | MJ Cott Voice: 212-805-0250 |

By: _____    Dated: March 18, 2011
    Peter W. Lindner          New York, NY
    (Peter Lindner)
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:            917-207-4962
Email:        nyc10003@nyc.rr.com

> ✓ To the SDNY Pro Se Office:
> Please timestamp my spare copy and mail to me.
> I have faxed this to MJ Cott, and thus His Honor already has a copy.

Reply to Defendants' Response for Plaintiffs request for pre-motion conference.doc

5



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# ~~SCANNED~~ MEMORANDUM
*Pro Se* Office



**To:** The Honorable Magistrate Judge James L. Cott

**From:** J. Mendieta, *Pro Se* Office, x0177

**Date:** March 22, 2011

**Re:** <u>Lindner -v- American Express Co.</u> 10 Civ. 2228 (JSR)(JLC)

The attached document, which was received by this Office on March 22, 2011 has been submitted to the Court for filing. The document is deficient as indicated below. Instead of forwarding the document to the docketing unit, I am forwarding it to you for your consideration. <u>See</u> Fed. R. Civ. P. 5(d)(2)(B), (4). Please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

( )   No original signature.

( )   No affirmation of service/proof of service.

( X )   Other: <u>It appears that the Plaintiff is attempting to file a reply to a Motion that your honor has already denied. Please advise.</u>

_____

( ✓ )   **ACCEPT FOR FILING**          ( )   **RETURN TO *PRO SE* LITIGANT**

Comments: *Should be included as part of the record though motion has been denied.*

United States District Judge

_____
United States Magistrate Judge

Dated: 3/30/11