UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PETER LINDNER,
                Plaintiff,

  -against-

AMERICAN EXPRESS COMPANY, CEO KEN CHENAULT,
BANKING PRESIDENT ASH GUPTA, (FORMER)
SECRETARY OF THE CORPORATION STEPHEN NORMAN
AND GENERAL COUNSEL LOUISE M. PARENT,
                Defendants
------------------------------------------------------------------X

HON. USDJ JED S. RAKOFF

10 CIV. 2228 (JSR-JLC)

MOTION TO OVERRULE, RECONSIDER OR FOR COURT TO ACT SUA SPONTE



Via Fax 212-805-7935
Friday, April 08, 2011

To the Honorable USDJ Rakoff:

This motion requests Your Honor to overrule Magistrate Judge Cott's MEMORANDUM AND ORDER of Nov 9, 2010 (Pacer #22) which is clearly erroneous for stating that PSLRA (15 USC §78u) applies to non-class actions.

I understand that Your Honor is busy in a massive drug trial, and respect Your Honor's schedule, however, the Amex Shareholder Meeting is Monday, May 2, 2011 and **oral argument is essential** to prove that Joe Sacca did have "intent to deceive" the Court on the issue of my Shareholder Proposal, which USDJ Koeltl relied upon. Successful deception is not a requirement of the law NY Judiciary §487 to be a violation.

As per Your Honor's Individual Rules 2(c), I have made several efforts since **Monday, March 28, 2011 12:48 PM** for Mr. Sacca and me have "in-court argument" [2(b)], which has been frustrated by your (well-meaning) Clerk for several days, and by Joe Sacca writing me Apr 6 2011 1:05pm that "we do not believe a further call to the Court is appropriate." Pacer has "minute entries" for the 3 calls where we did not get a 2(b) "schedule" at "the time of the call"(s): 3/28, 3/31, 4/4/2011.[entered 4/4-4/8]. This is a "motion permitted by law." [2(b)]

My adversary, Joe Sacca of Skadden representing Amex, did say on the phone last week to me while awaiting USDJ Rakoff, that he [Mr. Sacca] agrees that my case 10cv2228 is **not a class action case**. Your Honor on page 3 of 5 incorrectly lists two cases *Schnall* and *Trump*, both of which are class action cases. Thus, any conclusion that Court made would be *obiter dicta*[1]: they are not the basis for a precedent.

As per rule 2(d), I wish to file a motion to have Amex be held in Contempt of Court for not including my Shareholder proposal and my name in nomination, and for using PSLRA 78u in their filing of Oct 22, 2010 when they now clearly understand that I am not a "class action" lawsuit, even if I am a "private" lawsuit. There's quite a distinction. Basically, Amex deceived the Court to avoid a hearing of this case on its merits and on the evidence by falsely using § 78u to circumvent pre-discovery exchange of ESI (Electronically Stored Information).

I thus ask that Your Honor therefore remove that restriction upon me, and thus the case does not fall under USC §78u, which clearly states in its opening clause that this section only applies to class actions:
    "TITLE 15 > CHAPTER 2B > § 78u–4. Private securities litigation
        **(a) Private class actions**
            **(1) In general**
            The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a **plaintiff class action** pursuant to the Federal Rules of Civil Procedure."

[**emphasis** added]

I also ask that we have oral arguments on this topic, unless Your honor wishes to *sua sponte* remove said ORDER Pacer #22.

The Smith Barney case specifically mentioned by MJ Cott on page 2 specifically references **class actions**, of which I am not one.
> "Congress enacted these provisions to prevent exploitation of the class action mechanism by plaintiffs in securities cases."
> [*In Re Smith Barney Transfer Agent Litigation*, 05 Civ. 7583 (WHP), 6/26/2006]

I thus also ask for a pre-motion conference on this topic, along with the topic of NY Judiciary §487 of Mr. Sacca's alleged "intent to deceive" USDJ Koeltl and then using that ruling to bolster Mr. Sacca's motion to dismiss. Given that MJ Cott's ruling is "clearly erroneous" and contrary to law, and that it is based upon Amex's deceit to the Court that it did not prevent me from contacting the SEC prior to April 2009, when it did so in April 2007, it is imperative that my case be judged upon the correct law and upon valid (not deceit intended) evidence.

I note that Mr. Sacca did not follow MJ Cott's rule #2 on first having a pre-motion conference on his motion to dismiss:
> "Motions other than Discovery Motions. To arrange a promotion conference for non-discovery matters, the moving party shall submit a letter setting forth briefly the nature of the anticipated motion."
> http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=535

Respectfully,

*I swear that the above is true.*

Peter W. Lindner   PETER LINDNER
1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax: 212-979-9647
Cell:    917-207-4962

Sworn before me on this 8th day of April, 2011

CYNTHIA M. HARRIS
Notary Public, State of New York
No. 01HA6224506
Qualified in New York County
Commission Expires June 06, 2014

cc: via fax to Joe Sacca
    Hon. MJ Cott

[footnote 1. *Ratio decidendi* "is a legal phrase which refers to the legal, moral, political, and social principles used by a court to compose the rationale of a particular judgment. Unlike *obiter dicta*, the *ratio decidendi* is, as a general rule, binding on courts of lower and later jurisdiction—through the doctrine of *stare decisis*. Certain courts are able to overrule decisions of a court of co-ordinate jurisdiction—however out of interests of judicial comity they generally try to follow co-ordinate rationes."

http://en.wikipedia.org/wiki/Ratio_decidendi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PETER LINDNER,                                    HON. USDJ JED S. RAKOFF
                 Plaintiff,
  -against-                                         10 CIV. 2228 (JSR-JLC)

AMERICAN EXPRESS COMPANY, CEO KEN                 AFFIRMATION OF SERVICE
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
                 Defendants
-----------------------------------------------------------------X
Friday, April 08, 2011

I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the "Motion To Overrule, Reconsider Or For Court To Act Sua Sponte" to

a) American Express via their attorney Joe Sacca b) The Pro Se Office c) The Honorable USDJ Rakoff, d) The Honorable MJ Cott whose addresses are:

Joe Sacca, Esq. — via fax
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Phone: 212.735.3000
Fax: 917-777-2358
Email: jsacca@skadden.com

USDJ Rakoff — via fax
MJ Cott — via fax
✓SDNY Pro Se Office — via USPS
500 Pearl Street
New York, New York 10007
Pro Se Office phone: 212-805-0175

by email, fax and/or USPS
By: _____
      Peter W. Lindner
      Plaintiff *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:  212-979-9647
Cell:          917-207-4962
Email:       nyc10003@nyc.rr.com

Dated: April 8, 2011
New York, NY

✓To the Pro Se Office:
Please time stamp the extra original and send it back to me.
Thanks, Peter Lindner

Affirmation of Service on Motion To Overrule Magistrate Judge ver b