USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/11

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

PETER LINDNER,

                       Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                       Defendants

---------------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MOTION TO PLACE SPLIT
OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

Yesterday I got two letters[1] (and at least one check) from American Express as part of an out-of-court settlement for my case *Lindner v American Express and Qing Lin* 06cv3834.  Originally, my instant case 10cv222 *Lindner v American Express Company, CEO Ken Chenault, Banking President Ash Gupta, (Former) Secretary Of The Corporation Stephen Norman And General Counsel Louise M. Parent* was part of the 06cv3834 case, but was split off when I ceased to be a pro se litigant in 06cv3834, and my lawyer was not familiar / comfortable with securities law, so I had to start the new case 10cv2228 on my own.

I wish not to lose this money, even while preserving my right to appeal 06cv3834, and ask Your Honor for an ORDER allowing me to set up an escrow account with my stock broker(s).  There are precedents, I have been advised today by NY/NJ licensed attorney, where with a Court ORDER, an attorney was "allowed to invest the escrow sums into certain stocks".

**History**

In the meantime, Amex has allegedly settled with me in an alleged oral agreement which I disputed then November 2010 and so dispute now April 2011.  The grounds for this are varied, but include that the alleged oral agreement was not given to me in writing, and I therefore revoked it, and that the other side did not sign it for several days/weeks afterwards.  But also because I have ADHD (Attention Deficit Hyperactivity Disorder) which requires me to take 2 ritalin a day to have my full cognitive abilities, and I had 6 hours without food/water/medicine during the negotiations, despite my having given my 2 lawyers both oral and written instructions that day of mediation to stop after 1 ½ or 2 hours.  They not only did not do so, but did not even remind me of that, and later commented: "We are not your babysitters".  My view is that if I

---

[1] I enclose (Attachment 1) a scan of Amex's letter of 4/18/2011, with the amount in $ redacted, lest I violate the alleged oral agreement.

have a disability or even a request or order to them to do something (stop the negotiations after xx hours), then they should do it, or at the time I told them, they should decline to follow my instructions/request/order, so that I could take alternate courses of action (fire them, inform the mediator, or refuse to continue at all). Additionally in my opinion, under the EEOC laws and the prior out-of-court settlement with Amex, I would have 21 days to show a contract to a lawyer, and 7 days after signing it to revoke it; Amex refused to include that clause, which may have made it illegal in and of itself.

## SDNY Case Law says the Nov 2010 agreement may not be considered in "existence"

Under SDNY case law, as was amply and ably quoted and made[2] by USDJ Koeltl in 06cv3834 Pacer # 51 of May 31, 2007, an alleged oral contract must meet 4 requirements / factors in order to be considered binding. One of these 4 is that the contract is not partially fulfilled, and that is why I did not cash Amex's check(s). Since Amex informed me (see Attachment 1) that they would give the "unclaimed" funds to NY State unless I cashed them, I hereby move that Your Honor authorize me to set up an escrow account with one of my two stock brokers that can have the money invested in NYSE (NY Stock Exchange) stocks in a buy-and-hold "strategy"[3], so that they will not be tampered with, except in the rare instances of firms going bankrupt (etc), and that the dividends, interest, be either distributed to me as income, or re-invested in that same fund (such as companies allowing purchases of shares via dividend reinvestment, or for those that do not offer that, then, put the money into the firms that do have the ability to buy additional shares periodically with the money from the other shares).

---

[2] See my attached Memo of Law for excerpts from USDJ Koeltl's ORDER.The ruling is on Pacer and free of charge on        http://ia700209.us.archive.org/15/items/gov.uscourts.nysd.284603/gov.uscourts.nysd.284603.51.0.pdf

[3] "Buy-and-Hold" strategy is a term for not selling or buying any stocks, thus avoiding "churning" which is the charging of a commission by a broker for each sale and purchase of a stock. Presumably, the entire amount would be kept intact, until the money was needed, rather than to buy a "superior" stock or sell a "poorly performing" stock, short of bankruptcy considerations.

### "Buy and hold
Buy and hold is a long-term investment strategy based on the view that in the long run financial markets give a good rate of return despite periods of volatility or decline. This viewpoint also holds that short-term market timing, i.e. the concept that one can enter the market on the lows and sell on the highs, does not work; attempting timing gives negative results, at least for small or unsophisticated investors, so it is better for them to simply buy and hold.

The antithesis of buy-and-hold is the concept of day trading, in which money can be made in the short term if an individual tries to short on the peaks, and buy on the lows with greater money coming with greater volatility.

One of the strongest arguments for the buy and hold strategy is the efficient-market hypothesis (EMH): If every security is fairly valued at all times, then there is really no point to trade. Some take the buy-and-hold strategy to an extreme, advocating that you should never sell a security unless you need the money. [1]"
http://en.wikipedia.org/wiki/Buy_and_hold

Here's where Amex wrote me that my passivity with regard to their stealth letter would forfeit me thousands or tens of thousands or hundreds of thousands of dollars:

**If there is no response in two weeks, these funds will be released to the state.**

[**Emphasis** in the original]

## Summary

I hereby humbly ask for such a Court ORDER so that I do not surrender my rights to void the alleged oral contract of Nov2010 in the case 06cv3834 *Lindner v  American Express and Qing Lin* by my self-preserving act of putting the money in a fund that I wish not to touch until this matter has been fully exhausted, e.g. by a final decision by the US Supreme Court.

Respectfully,

*[signature]*                           4:45p—

_____            dated the 28th day of April 2011
Peter Lindner
Litigant Pro Se

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:      917-207-4962
Email:     nyc10003@nyc.rr.com
cc: via fax to Joe Sacca, who can turn such copies over to Amex

3

**Attachment 1:  Letter of 4/18/2011 from Amex saying my funds will be released to the state in two weeks**



American Express TRS Co. Inc.                   Date:        4/18/2011
Payroll Department
20002 N. 19th Avenue
Phoenix, AZ  85027

Employee Name:          LINDNER, PETER
Employee Level/ Number:      AENY J 000016703

Our records indicate that the following checks issued to you have not been cashed.

Check Date:                                                    11/9/2010

Check #:                                                       100319714

Amount $                                              ▬▬▬▬▬▬

Please check the appropriate line, sign, date and return this letter to the address listed above or fax to (602) 537-5018.

_____The above check was cashed on _____

_____The above check will be cashed on _____

_____The above check has not been received . Please Stop payment and reissue
the check (Note:  Allow 2 – 4 weeks for reissue).

**If there is no response in two weeks, these funds will be released to the state.**

Thank you for your cooperation. If you have any questions, please note them below
with your daytime phone number and e mail

Comments :-_____

_____

American Express Payroll Department

**Please note that payroll checks are stale dated after 90 days of its issuance**

Signature_____        Date:_____

*Clients and Customers       * Quest for Quality       *People       *Integrity       *Teamwork       *Good Citizen

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PETER LINDNER,

                    Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                    Defendants
-------------------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MEMORANDUM OF LAW
ON MOTION TO PLACE
SPLIT OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

I submit that USDJ Koeltl held that an alleged oral contract is not binding between parties
unless it meets the 4 conditions specified in *Winston* and *Readers Digest*. And that this
decision will show that at least the first two of those 4 conditions were not met by the alleged
oral agreement of Nov2010, since I did not have a copy of it in writing when I needed it for
preparing a formal document required by Your Honor on Nov 5, 2010, and that there was no
partial performance (paying of money), except over my objection were the funds disbursed
without my control, and those checks in which I had control were not "cashed."
Additionally, the 4th factor was not met in that we clearly were required and I wanted (for
years) everything in writing before agreeing to it.

> Case 1:06-cv-03834-JGK-THK   Document 51   Filed 06/05/2007   Page 8 of 24
>
> written document.[1]  As the parties agree, the two leading cases
> guiding this determination are Winston v. Mediafare
> Entertainment Corp., 777 F.2d 78 (2d Cir. 1985) and Ciaramella
> v. Reader's Digest Association, Inc., 131 F.3d 320 (2d Cir.
> 1997).  The parties' intent is critical in determining when a
> contract is formed.  Winston, 777 F.2d at 80.  The parties have
> the "freedom to determine the exact point at which an agreement
> becomes binding, a party can negotiate candidly, secure in the
> knowledge that he will not be bound until execution of what both
> parties consider to be a final document."  Id. (emphasis added).

Additionally, the 4 factors (none of which is "dispositive") are listed as:

In *Winston*, and again in *Ciaramella*, the Court of Appeals

outlined the following four factors to assist courts in

determining whether parties to an alleged oral agreement intend

to be bound in the absence of a fully executed document:

> (1) whether there has been express reservation of the
> right not to be bound in the absence of a writing; (2)
> whether there has been partial performance of the
> contract; (3) whether all of the terms of the alleged
> contract have been agreed upon; and (4) whether the
> agreement at issue is the type of contract that is
> usually committed to writing.

*Winston*, 777 F.2d at 80; *see also Ciaramella*, 131 F.3d at 323.

Although no single factor is dispositive, each factor offers

Thus, the Court of Appeals had overridden the District Courts' initial "determination that
a binding oral settlement agreement had been reached."

> controls. *See Winston*, 777 F.2d at 81. Notably, in both
>
> *Winston* and *Ciaramella*, based on the facts of those cases, the
>
> Court of Appeals found clear error in the district court's
>
> determination that a binding oral settlement agreement had been
>
> reached.

My contract was "oral" in that I was not given a copy which I needed so that I could
respond to Your Honor on Friday, November 5, 2011, as Your Honor had **required** me to
do in Your Honor's ORDER of November 2, 2010 (Pacer #20) where Pacer summarizes:

> "By letter dated November 1, 2010, Mr. Lindner requests, among other things, an
> extension of time to file a reply. Mr. Lindner's request for an extension of time is
> GRANTED. He is directed to file a reply to Defendants' opposition to the motion
> to compel by Friday, November 5, 2010."

Had I written a "fact" that violated the alleged oral agreement **which I did not have in
writing**, I would have been subject to its alleged terms of refunding the entire amount of
the alleged agreement, including what was to be paid to lawyers and to the US
Government in taxes, which is egregious in my eyes. There are other factors, also,
including that my full competence without the aid of my medicine was in doubt, and my
lawyer refused to believe me or to even contact my physician to confirm that. My
prescribing physician Dr. Newmark later wrote a statement that I was adversely affected

6

by the lack of the Ritalin at the appropriate time. In my mind, it was analogous to being a diabetic and not being able to take insulin or sugar or measure oneself during a negotiation, even though that diabetic informed his lawyers beforehand of his condition. Mr. Blit knew I had ADHD.

Here is what USDJ Koeltl concluded on the alleged oral agreement not even being in "existence":

> In sum, based on a consideration of all of the relevant facts and circumstances of this case and weighing all of the Winston factors, the Court concludes that the defendants have failed to establish by a preponderance of the evidence the existence of a binding oral settlement agreement.

<u>CONCLUSION</u>

> For all of the reasons discussed above, the defendants' motion to enforce the alleged settlement agreement is **denied.**

SO ORDERED.

Dated:    New York, New York
          May 3/, 2007

                                    John G. Koeltl
                                    United States District Judge

Thus, I chose in Nov 2010 to not cash in the checks amounting to a substantial amount of money, which I cannot disclose, lest I be then forced to return that money plus more (an unfair situation, to be sure, which my lawyer did not even notice or seek to clarify that only the funds given to me would be forfeit). Since Amex (and perhaps NY State) is forcing me to cash the checks, which as I understand it would force me to fulfill against my will one of the 4 factors (#2 on partial performance of the contract, which means that Amex paid me), therefore I ask Your Honor to ORDER that the money/monies be deposited via said ORDER in a NYSE account, to be held in escrow, terms to be worked out on the dividends, interest, re-investment, and such, so that I can preserve my rights to appeal, which I am doing / about to do, with both the US Second Circuit Court of Appeals and with the EEOC. It may have been a violation of EEOC law that a contract which had a 21 day to review by a lawyer, and 7 days after signing to revoke, was superseded against my wishes by a contract which that EEOC / OWBPA phrasing had been removed (I am 61 and thus under the Older Worker Benefits Protection Act).

I note that I called my adversary, Joe Sacca, to discuss this issue with him today (late) at 4pm on Friday, April 28, 2011, but when I asked for him, his secretary switched me to

his voicemail.  I left the substance of this request with Mr. Sacca, and am sending him a copy immediately.

Respectfully and humbly submitted,

_Peter Lindner_                                    4:45pm

dated the 28th day of April 2011

Peter Lindner
Pro Se Plaintiff

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:         917-207-4962
Email:      nyc10003@nyc.rr.com

cc: via fax to Joe Sacca

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PETER LINDNER,
                                    Plaintiff,

        -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
                                    Defendants
-------------------------------------------------------------------X

HON. MAGISTRATE JUDGE COTT

10 CIV. 2228 (JSR-JLC)

AFFIRMATION OF SERVICE

Friday, April 28, 2011

        I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the
"Motion To Place Split Off Out-Of-Court Settlement In Stock Escrow Account" to

a)  American Express via their attorney Joe Sacca b) The Pro Se Office c) The Honorable MJ
Cott whose addresses are:

Joe Sacca, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Phone: 212.735.3000
Fax: 917-777-2358
Email: jsacca@skadden.com

MJ Cott
SDNY Pro Se Office
500 Pearl Street
New York, New York 10007
Pro Se Office phone: 212-805-0175

by email, fax and/or USPS.

By: _____
        Peter W. Lindner
        Plaintiff *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:    212-979-9647
Cell:              917-207-4962
Email:          nyc10003@nyc.rr.com

Dated: April 28, 2011
New York, NY

To the Pro Se Office:
I have faxed a copy to MJ Cott,
so there is no need to send His
Honor a courtesy copy.

Please time stamp the extra
original and send it back to me.
Thanks,  Peter Lindner

Affirmation of Service on Motion To Place Split Off Out-Of-Court Settlement In Stock Escrow.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PETER LINDNER,

                            Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                        Defendants

-------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MOTION TO PLACE SPLIT
OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

Yesterday I got two letters[1] (and at least one check) from American Express as part of an out-of-court settlement for my case *Lindner v American Express and Qing Lin* 06cv3834. Originally, my instant case 10cv222 *Lindner v American Express Company, CEO Ken Chenault, Banking President Ash Gupta, (Former) Secretary Of The Corporation Stephen Norman And General Counsel Louise M. Parent* was part of the 06cv3834 case, but was split off when I ceased to be a pro se litigant in 06cv3834, and my lawyer was not familiar / comfortable with securities law, so I had to start the new case 10cv2228 on my own.

I wish not to lose this money, even while preserving my right to appeal 06cv3834, and ask Your Honor for an ORDER allowing me to set up an escrow account with my stock broker(s). There are precedents, I have been advised today by NY/NJ licensed attorney, where with a Court ORDER, an attorney was "allowed to invest the escrow sums into certain stocks".

## History

In the meantime, Amex has allegedly settled with me in an alleged oral agreement which I disputed then November 2010 and so dispute now April 2011. The grounds for this are varied, but include that the alleged oral agreement was not given to me in writing, and I therefore revoked it, and that the other side did not sign it for several days/weeks afterwards. But also because I have ADHD (Attention Deficit Hyperactivity Disorder) which requires me to take 2 ritalin a day to have my full cognitive abilities, and I had 6 hours without food/water/medicine during the negotiations, despite my having given my 2 lawyers both oral and written instructions that day of mediation to stop after 1 ½ or 2 hours. They not only did not do so, but did not even remind me of that, and later commented: "We are not your babysitters". My view is that if I

---

[1] I enclose (Attachment 1) a scan of Amex's letter of 4/18/2011, with the amount in $ redacted, lest I violate the alleged oral agreement.

1

have a disability or even a request or order to them to do something (stop the negotiations after xx hours), then they should do it, or at the time I told them, they should decline to follow my instructions/request/order, so that I could take alternate courses of action (fire them, inform the mediator, or refuse to continue at all).  Additionally in my opinion, under the EEOC laws and the prior out-of-court settlement with Amex, I would have 21 days to show a contract to a lawyer, and 7 days after signing it to revoke it; Amex refused to include that clause, which may have made it illegal in and of itself.

## **SDNY Case Law says the Nov 2010 agreement may not be considered in "existence"**

Under SDNY case law, as was amply and ably quoted and made[2] by USDJ Koeltl in 06cv3834 Pacer # 51 of May 31, 2007, an alleged oral contract must meet 4 requirements / factors in order to be considered binding.  One of these 4 is that the contract is not partially fulfilled, and that is why I did not cash Amex's check(s).  Since Amex informed me (see Attachment 1) that they would give the "unclaimed" funds to NY State unless I cashed them, I hereby move that Your Honor authorize me to set up an escrow account with one of my two stock brokers that can have the money invested in NYSE (NY Stock Exchange) stocks in a buy-and-hold "strategy"[3], so that they will not be tampered with, except in the rare instances of firms going bankrupt (etc), and that the dividends, interest, be either distributed to me as income, or re-invested in that same fund (such as companies allowing purchases of shares via dividend reinvestment, or for those that do not offer that, then, put the money into the firms that do have the ability to buy additional shares periodically with the money from the other shares).

---

[2] See my attached Memo of Law for excerpts from USDJ Koeltl's ORDER.The ruling is on Pacer and free of charge on
   http://ia700209.us.archive.org/15/items/gov.uscourts.nysd.284603/gov.uscourts.nysd.284603.51.0.pdf

[3] "Buy-and-Hold" strategy is a term for not selling or buying any stocks, thus avoiding "churning" which is the charging of a commission by a broker for each sale and purchase of a stock.  Presumably, the entire amount would be kept intact, until the money was needed, rather than to buy a "superior" stock or sell a "poorly performing" stock, short of bankruptcy considerations.

   **"Buy and hold**
   Buy and hold is a long-term investment strategy based on the view that in the long run financial markets give a good rate of return despite periods of volatility or decline. This viewpoint also holds that short-term market timing, i.e. the concept that one can enter the market on the lows and sell on the highs, does not work; attempting timing gives negative results, at least for small or unsophisticated investors, so it is better for them to simply buy and hold.

   The antithesis of buy-and-hold is the concept of day trading, in which money can be made in the short term if an individual tries to short on the peaks, and buy on the lows with greater money coming with greater volatility.

   One of the strongest arguments for the buy and hold strategy is the efficient-market hypothesis (EMH): If every security is fairly valued at all times, then there is really no point to trade. Some take the buy-and-hold strategy to an extreme, advocating that you should never sell a security unless you need the money. [1]"
   http://en.wikipedia.org/wiki/Buy_and_hold

2

Here's where Amex wrote me that my passivity with regard to their stealth letter would forfeit me thousands or tens of thousands or hundreds of thousands of dollars:

**If there is no response in two weeks, these funds will be released to the state.**

[**Emphasis** in the original]

## Summary

I hereby humbly ask for such a Court ORDER so that I do not surrender my rights to void the alleged oral contract of Nov2010 in the case 06cv3834 *Lindner v American Express and Qing Lin* by my self-preserving act of putting the money in a fund that I wish not to touch until this matter has been fully exhausted, e.g. by a final decision by the US Supreme Court.

Respectfully,

4:45pm

_____   dated the 28th day of April 2011

Peter Lindner
Litigant Pro Se

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:        917-207-4962
Email:     nyc10003@nyc.rr.com

cc: via fax to Joe Sacca, who can turn such copies over to Amex

3

**Attachment 1: Letter of 4/18/2011 from Amex saying my funds will be released to the state in two weeks**



American Express TRS Co. Inc.          Date:       **4/18/2011**
Payroll Department
20002 N. 19th Avenue
Phoenix, AZ 85027

Employee Name:          **LINDNER, PETER**
Employee Level/ Number:          **AENY / 000016703**

Our records indicate that the following checks issued to you have not been cashed.

Check Date:          **11/9/2010**

Check #:          **100319714**

Amount $          ▬▬▬▬▬

Please check the appropriate line, sign, date and return this letter to the address listed above or fax to (602) 537-5018.

_____The above check was cashed on _____

_____The above check will be cashed on _____

_____The above check has not been received. Please Stop payment and reissue the check (Note: Allow 2 – 4 weeks for reissue).

**If there is no response in two weeks, these funds will be released to the state.**

Thank you for your cooperation. If you have any questions, please note them below with your daytime phone number and e mail

Comments :-_____

_____

American Express Payroll Department

**Please note that payroll checks are stale dated after 90 days of its issuance**

Signature_____          Date:_____

*Clients and Customers          * Quest for Quality          *People          *Integrity          *Teamwork          *Good Citizen

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PETER LINDNER,

                     Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                     Defendants

------------------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MEMORANDUM OF LAW
ON MOTION TO PLACE
SPLIT OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

I submit that USDJ Koeltl held that an alleged oral contract is not binding between parties
unless it meets the 4 conditions specified in *Winston* and *Readers Digest*. And that this
decision will show that at least the first two of those 4 conditions were not met by the alleged
oral agreement of Nov2010, since I did not have a copy of it in writing when I needed it for
preparing a formal document required by Your Honor on Nov 5, 2010, and that there was no
partial performance (paying of money), except over my objection were the funds disbursed
without my control, and those checks in which I had control were not "cashed."
Additionally, the 4th factor was not met in that we clearly were required and I wanted (for
years) everything in writing before agreeing to it.

written document.[1]  As the parties agree, the two leading cases

guiding this determination are Winston v. Mediafare

Entertainment Corp., 777 F.2d 78 (2d Cir. 1985) and Ciaramella

v. Reader's Digest Association, Inc., 131 F.3d 320 (2d Cir.

1997).  The parties' intent is critical in determining when a

contract is formed.  Winston, 777 F.2d at 80.  The parties have

the "freedom to determine the exact point at which an agreement

becomes binding, a party can negotiate candidly, secure in the

knowledge that he will not be bound until execution of what both

parties consider to be a final document."  Id. (emphasis added).

Additionally, the 4 factors (none of which is "dispositive") are listed as:

5

In _Winston_, and again in _Ciaramella_, the Court of Appeals outlined the following four factors to assist courts in determining whether parties to an alleged oral agreement intend to be bound in the absence of a fully executed document:

> (1) whether there has been express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

_Winston_, 777 F.2d at 80; _see also Ciaramella_, 131 F.3d at 323. Although no single factor is dispositive, each factor offers

Thus, the Court of Appeals had overridden the District Courts' initial "determination that a binding oral settlement agreement had been reached."

> controls.   See _Winston_, 777 F.2d at 81.   Notably, in both _Winston_ and _Ciaramella_, based on the facts of those cases, the Court of Appeals found clear error in the district court's determination that a binding oral settlement agreement had been reached.

My contract was "oral" in that I was not given a copy which I needed so that I could respond to Your Honor on Friday, November 5, 2011, as Your Honor had **required** me to do in Your Honor's ORDER of November 2, 2010 (Pacer #20) where Pacer summarizes:

> "By letter dated November 1, 2010, Mr. Lindner requests, among other things, an extension of time to file a reply. Mr. Lindner's request for an extension of time is GRANTED. He is directed to file a reply to Defendants' opposition to the motion to compel by Friday, November 5, 2010."

Had I written a "fact" that violated the alleged oral agreement **which I did not have in writing**, I would have been subject to its alleged terms of refunding the entire amount of the alleged agreement, including what was to be paid to lawyers and to the US Government in taxes, which is egregious in my eyes. There are other factors, also, including that my full competence without the aid of my medicine was in doubt, and my lawyer refused to believe me or to even contact my physician to confirm that. My prescribing physician Dr. Newmark later wrote a statement that I was adversely affected

6

by the lack of the Ritalin at the appropriate time.  In my mind, it was analogous to being a diabetic and not being able to take insulin or sugar or measure oneself during a negotiation, even though that diabetic informed his lawyers beforehand of his condition. Mr. Blit knew I had ADHD.

Here is what USDJ Koeltl concluded on the alleged oral agreement not even being in "existence":

> In sum, based on a consideration of all of the relevant facts and circumstances of this case and weighing all of the <u>Winston</u> factors, the Court concludes that the defendants have failed to establish by a preponderance of the evidence the existence of a binding oral settlement agreement.

<u>CONCLUSION</u>

> For all of the reasons discussed above, the defendants' motion to enforce the alleged settlement agreement is **denied**.

SO ORDERED.

Dated:    New York, New York
          May 3/, 2007

*[signature]* 6. Koelo
John G. Koeltl
United States District Judge

Thus, I chose in Nov 2010 to not cash in the checks amounting to a substantial amount of money, which I cannot disclose, lest I be then forced to return that money plus more (an unfair situation, to be sure, which my lawyer did not even notice or seek to clarify that only the funds given to me would be forfeit).   Since Amex (and perhaps NY State) is forcing me to cash the checks, which as I understand it would force me to fulfill against my will one of the 4 factors (#2 on partial performance of the contract, which means that Amex paid me), therefore I ask Your Honor to ORDER that the money/monies be deposited via said ORDER in a NYSE account, to be held in escrow, terms to be worked out on the dividends, interest, re-investment, and such, so that I can preserve my rights to appeal, which I am doing / about to do, with both the US Second Circuit Court of Appeals and with the EEOC.  It may have been a violation of EEOC law that a contract which had a 21 day to review by a lawyer, and 7 days after signing to revoke, was superseded against my wishes by a contract which that EEOC / OWBPA phrasing had been removed (I am 61 and thus under the Older Worker Benefits Protection Act).

I note that I called my adversary, Joe Sacca, to discuss this issue with him today (late) at 4pm on Friday, April 28, 2011, but when I asked for him, his secretary switched me to

his voicemail.  I left the substance of this request with Mr. Sacca, and am sending him a
copy immediately.

Respectfully and humbly submitted,

_____   dated the 28th day of April 2011

Peter Lindner
Pro Se Plaintiff

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:      917-207-4962
Email:     nyc10003@nyc.rr.com

cc: via fax to Joe Sacca

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PETER LINDNER,                                              HON. MAGISTRATE JUDGE COTT

                Plaintiff,

     -against-                                         10 CIV. 2228 (JSR-JLC)

AMERICAN EXPRESS COMPANY, CEO KEN                          AFFIRMATION OF SERVICE
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,
                Defendants
-----------------------------------------------------------------------X

Friday, April 28, 2011

       I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the
"Motion To Place Split Off Out-Of-Court Settlement In Stock Escrow Account" to

a)  American Express via their attorney Joe Sacca b) The Pro Se Office c) The Honorable MJ
Cott whose addresses are:

Joe Sacca, Esq.                                        MJ Cott
Skadden, Arps, Slate, Meagher & Flom LLP                SDNY Pro Se Office
Four Times Square                                      500 Pearl Street
New York, New York 10036                               New York, New York 10007
Phone: 212.735.3000                                    Pro Se Office phone: 212-805-0175
Fax: 917-777-2358
Email: jsacca@skadden.com

by email, fax and/or USPS.

By: _____        Dated: April 28, 2011
     Peter W. Lindner                New York, NY
     Plaintiff *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:        917-207-4962
Email:       nyc10003@nyc.rr.com

> To the Pro Se Office:
> I have faxed a copy to MJ Cott,
> so there is no need to send His
> Honor a courtesy copy.
>
> Please time stamp the extra
> original and send it back to me.
> Thanks,  Peter Lindner

Affirmation of Service on Motion To Place Split Off Out-Of-Court Settlement In Stock Escrow.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PETER LINDNER,

                     Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                     Defendants

------------------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MOTION TO PLACE SPLIT
OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

Yesterday I got two letters[1] (and at least one check) from American Express as part of an out-of-court settlement for my case *Lindner v American Express and Qing Lin* 06cv3834. Originally, my instant case 10cv222 *Lindner v American Express Company, CEO Ken Chenault, Banking President Ash Gupta, (Former) Secretary Of The Corporation Stephen Norman And General Counsel Louise M. Parent* was part of the 06cv3834 case, but was split off when I ceased to be a pro se litigant in 06cv3834, and my lawyer was not familiar / comfortable with securities law, so I had to start the new case 10cv2228 on my own.

I wish not to lose this money, even while preserving my right to appeal 06cv3834, and ask Your Honor for an ORDER allowing me to set up an escrow account with my stock broker(s). There are precedents, I have been advised today by NY/NJ licensed attorney, where with a Court ORDER, an attorney was "allowed to invest the escrow sums into certain stocks".

**History**

In the meantime, Amex has allegedly settled with me in an alleged oral agreement which I disputed then November 2010 and so dispute now April 2011. The grounds for this are varied, but include that the alleged oral agreement was not given to me in writing, and I therefore revoked it, and that the other side did not sign it for several days/weeks afterwards. But also because I have ADHD (Attention Deficit Hyperactivity Disorder) which requires me to take 2 ritalin a day to have my full cognitive abilities, and I had 6 hours without food/water/medicine during the negotiations, despite my having given my 2 lawyers both oral and written instructions that day of mediation to stop after 1 ½ or 2 hours. They not only did not do so, but did not even remind me of that, and later commented: "We are not your babysitters". My view is that if I

------------------------------------------------------------

[1] I enclose (Attachment 1) a scan of Amex's letter of 4/18/2011, with the amount in $ redacted, lest I violate the alleged oral agreement.

1

have a disability or even a request or order to them to do something (stop the negotiations after xx hours), then they should do it, or at the time I told them, they should decline to follow my instructions/request/order, so that I could take alternate courses of action (fire them, inform the mediator, or refuse to continue at all).  Additionally in my opinion, under the EEOC laws and the prior out-of-court settlement with Amex, I would have 21 days to show a contract to a lawyer, and 7 days after signing it to revoke it; Amex refused to include that clause, which may have made it illegal in and of itself.

## SDNY Case Law says the Nov 2010 agreement may not be considered in "existence"

Under SDNY case law, as was amply and ably quoted and made[2] by USDJ Koeltl in 06cv3834 Pacer # 51 of May 31, 2007, an alleged oral contract must meet 4 requirements / factors in order to be considered binding.  One of these 4 is that the contract is not partially fulfilled, and that is why I did not cash Amex's check(s).  Since Amex informed me (see Attachment 1) that they would give the "unclaimed" funds to NY State unless I cashed them, I hereby move that Your Honor authorize me to set up an escrow account with one of my two stock brokers that can have the money invested in NYSE (NY Stock Exchange) stocks in a buy-and-hold "strategy"[3], so that they will not be tampered with, except in the rare instances of firms going bankrupt (etc), and that the dividends, interest, be either distributed to me as income, or re-invested in that same fund (such as companies allowing purchases of shares via dividend reinvestment, or for those that do not offer that, then, put the money into the firms that do have the ability to buy additional shares periodically with the money from the other shares).

---

[2] See my attached Memo of Law for excerpts from USDJ Koeltl's ORDER.The ruling is on Pacer and free of charge on

http://ia700209.us.archive.org/15/items/gov.uscourts.nysd.284603/gov.uscourts.nysd.284603.51.0.pdf

[3] "Buy-and-Hold" strategy is a term for not selling or buying any stocks, thus avoiding "churning" which is the charging of a commission by a broker for each sale and purchase of a stock.  Presumably, the entire amount would be kept intact, until the money was needed, rather than to buy a "superior" stock or sell a "poorly performing" stock, short of bankruptcy considerations.

   "Buy and hold
   Buy and hold is a long-term investment strategy based on the view that in the long run financial markets give a good rate of return despite periods of volatility or decline. This viewpoint also holds that short-term market timing, i.e. the concept that one can enter the market on the lows and sell on the highs, does not work; attempting timing gives negative results, at least for small or unsophisticated investors, so it is better for them to simply buy and hold.

   The antithesis of buy-and-hold is the concept of day trading, in which money can be made in the short term if an individual tries to short on the peaks, and buy on the lows with greater money coming with greater volatility.

   One of the strongest arguments for the buy and hold strategy is the efficient-market hypothesis (EMH): If every security is fairly valued at all times, then there is really no point to trade. Some take the buy-and-hold strategy to an extreme, advocating that you should never sell a security unless you need the money. [I]"
   http://en.wikipedia.org/wiki/Buy_and_hold

2

Here's where Amex wrote me that my passivity with regard to their stealth letter would forfeit me thousands or tens of thousands or hundreds of thousands of dollars:

**If there is no response in two weeks, these funds will be released to the state.**

[**Emphasis** in the original]

## Summary

I hereby humbly ask for such a Court ORDER so that I do not surrender my rights to void the alleged oral contract of Nov2010 in the case 06cv3834 *Lindner v American Express and Qing Lin* by my self-preserving act of putting the money in a fund that I wish not to touch until this matter has been fully exhausted, e.g. by a final decision by the US Supreme Court.

Respectfully,

dated the 28th day of April 2011

Peter Lindner
Litigant Pro Se

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:        917-207-4962
Email:      nyc10003@nyc.rr.com

cc: via fax to Joe Sacca, who can turn such copies over to Amex

**Attachment 1:  Letter of 4/18/2011 from Amex saying my funds will be released to the state in two weeks**



American Express TRS Co. Inc.          Date:        **4/18/2011**
Payroll Department
20002 N. 19th Avenue
Phoenix, AZ  85027

Employee Name:              **LINDNER, PETER**
Employee Level/ Number:      **AENY / 000016703**

Our records indicate that the following checks issued to you have not been cashed.

Check Date:                                  **11/9/2010**

Check #:                                     **100319714**

Amount $                          ~~████████~~

Please check the appropriate line, sign, date and return this letter to the address listed above or fax to (602) 537-5018.

_____The above check was cashed on _____

_____The above check will be cashed on _____

_____The above check has not been received . Please Stop payment and reissue
        the check (Note:  Allow 2 – 4 weeks for reissue).

**If there is no response in two weeks, these funds will be released to the state.**

Thank you for your cooperation. If you have any questions, please note them below with your daytime phone number and e mail

Comments :-_____

_____

    American Express Payroll Department

**Please note that payroll checks are stale dated after 90 days of its issuance**

Signature_____Date:_____

*Clients and Customers     * Quest for Quality     *People     *Integrity     *Teamwork     *Good Citizen

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PETER LINDNER,

                Plaintiff,

    -against-

AMERICAN EXPRESS COMPANY, CEO KEN
CHENAULT, BANKING PRESIDENT ASH GUPTA,
(FORMER) SECRETARY OF THE CORPORATION
STEPHEN NORMAN AND GENERAL COUNSEL
LOUISE M. PARENT,

                Defendants

------------------------------------------------------------------X

HON. MAGISTRATE JUDGE
COTT

10 CIV. 2228 (JSR-JLC)

MEMORANDUM OF LAW
ON MOTION TO PLACE
SPLIT OFF OUT-OF-COURT
SETTLEMENT IN STOCK
ESCROW ACCOUNT

Via Fax (212) 805-7990
April 28, 2011

To the Honorable Magistrate Judge Cott:

I submit that USDJ Koeltl held that an alleged oral contract is not binding between parties
unless it meets the 4 conditions specified in *Winston* and *Readers Digest*. And that this
decision will show that at least the first two of those 4 conditions were not met by the alleged
oral agreement of Nov2010, since I did not have a copy of it in writing when I needed it for
preparing a formal document required by Your Honor on Nov 5, 2010, and that there was no
partial performance (paying of money), except over my objection were the funds disbursed
without my control, and those checks in which I had control were not "cashed."
Additionally, the 4th factor was not met in that we clearly were required and I wanted (for
years) everything in writing before agreeing to it.

Case 1:06-cv-03834-JGK-THK   Document 51   Filed 06/05/2007   Page 8 of 24

written document.[1] As the parties agree, the two leading cases
guiding this determination are Winston v. Mediafare
Entertainment Corp., 777 F.2d 78 (2d Cir. 1985) and Ciaramella
v. Reader's Digest Association, Inc., 131 F.3d 320 (2d Cir.
1997). The parties' intent is critical in determining when a
contract is formed. Winston, 777 F.2d at 80. The parties have
the "freedom to determine the exact point at which an agreement
becomes binding, a party can negotiate candidly, secure in the
knowledge that he will not be bound until execution of what both
parties consider to be a final document." Id. (emphasis added).

Additionally, the 4 factors (none of which is "dispositive") are listed as:

In <u>Winston</u>, and again in <u>Ciaramella</u>, the Court of Appeals
outlined the following four factors to assist courts in
determining whether parties to an alleged oral agreement intend
to be bound in the absence of a fully executed document:

> (1) whether there has been express reservation of the
> right not to be bound in the absence of a writing; (2)
> whether there has been partial performance of the
> contract; (3) whether all of the terms of the alleged
> contract have been agreed upon; and (4) whether the
> agreement at issue is the type of contract that is
> usually committed to writing.

<u>Winston</u>, 777 F.2d at 80; <u>see also</u> <u>Ciaramella</u>, 131 F.3d at 323.

Although no single factor is dispositive, each factor offers

Thus, the Court of Appeals had overridden the District Courts' initial "determination that
a binding oral settlement agreement had been reached."

controls.  <u>See</u> <u>Winston</u>, 777 F.2d at 81.  Notably, in both

<u>Winston</u> and <u>Ciaramella</u>, based on the facts of those cases, the

Court of Appeals found clear error in the district court's

determination that a binding oral settlement agreement had been

reached.

My contract was "oral" in that I was not given a copy which I needed so that I could
respond to Your Honor on Friday, November 5, 2011, as Your Honor had **required** me to
do in Your Honor's ORDER of November 2, 2010 (Pacer #20) where Pacer summarizes:

> "By letter dated November 1, 2010, Mr. Lindner requests, among other things, an
> extension of time to file a reply. Mr. Lindner's request for an extension of time is
> GRANTED. He is directed to file a reply to Defendants' opposition to the motion
> to compel by Friday, November 5, 2010."

Had I written a "fact" that violated the alleged oral agreement **which I did not have in
writing**, I would have been subject to its alleged terms of refunding the entire amount of
the alleged agreement, including what was to be paid to lawyers and to the US
Government in taxes, which is egregious in my eyes. There are other factors, also,
including that my full competence without the aid of my medicine was in doubt, and my
lawyer refused to believe me or to even contact my physician to confirm that. My
prescribing physician Dr. Newmark later wrote a statement that I was adversely affected

6

his voicemail.  I left the substance of this request with Mr. Sacca, and am sending him a copy immediately.

Respectfully and humbly submitted,

_____   dated the 28th day of April 2011

Peter Lindner
Pro Se Plaintiff

1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:      917-207-4962
Email:    nyc10003@nyc.rr.com

cc: via fax to Joe Sacca

8

# SCANNED



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# MEMORANDUM
## *Pro Se* Office

**To:**      The Honorable James L. Cott

**From:**    J. Mendieta, *Pro Se* Office, x0177

**Date:**    May 3, 2011

**Re:**      <u>Linder -v- American Express Co., et. al.</u> **10 Civ. 2228 (JSR)(JLC)**

     The attached document, which was received by this Office on May 2, 2011 has been submitted to the Court for filing. The document is deficient as indicated below. Instead of forwarding the document to the docketing unit, I am forwarding it to you for your consideration. <u>See</u> Fed. R. Civ. P. 5(d)(2)(B), (4). Please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

(   )     No original signature.

(   )     No affirmation of service/proof of service.

( **X** )     Other: <u>It appears as if Plaintiff had this Document "Motion to Place Split off Out-of-Court Settlement in Stock Escrow Account" already denied on the order dated May 2, 2011. Please Advise.</u>

( ✓ )   **ACCEPT FOR FILING**        (   )    **RETURN TO *PRO SE* LITIGANT**

Comments: *Please docket this motion as it should be made a part of the record in this case.*

United States District Judge

*[signature]*

United States Magistrate Judge

5/4/11

Dated: