USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PETER LINDNER,

                Plaintiff,

       -v.-

AMERICAN EXPRESS COMPANY, et al.,

                Defendants.

------------------------------------------------------------x

**REPORT AND**
**RECOMMENDATION**

10 Civ. 2228 (JSR) (JLC)

(Non-ECF Case)

**James L. Cott, United States Magistrate Judge.**

**To The Honorable Jed S. Rakoff, United States District Judge:**

       Plaintiff Peter Lindner ("Lindner"), proceeding pro se, brings this action against the American Express Company ("American Express" or the "Company") and certain of its current and former employees (together, "Defendants") for failure to include Lindner's shareholder proposal and his nomination to the American Express Board of Directors in the Company's proxy materials for its 2011 annual shareholders meeting. Lindner also asserts claims in connection with certain sealed documents and alleged breaches of Company agreements; these claims all relate to other litigation in this District between Lindner and American Express. Defendants have moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion should be granted in its entirety.

## I.     BACKGROUND

       After receiving permission from the Court to proceed in forma pauperis, Lindner filed his Complaint on March 15, 2010. (Dkt. No. 2). Lindner's initial Complaint sought an order compelling American Express to include his shareholder proposal and nomination to the Company's Board of Directors in the proxy materials for the Company's April 2010 shareholder

meeting.  Lindner filed an Amended Complaint on August 31, 2010, naming American Express and four individual defendants who are current or former American Express employees— Kenneth Chenault, Ashwini Gupta, Stephen Norman, and Louise M. Parent.  (See Amended Complaint ("Am. Compl.") at 2) (Dkt. No. 6).  Lindner's Amended Complaint does not seek relief relating to the 2010 shareholders meeting, but instead seeks to compel American Express to include his proposal and nomination in the proxy materials for the Company's 2011 meeting. Lindner's Amended Complaint also includes four additional claims, described below, that relate to the termination of his employment with American Express.

Lindner has attached a "Notice of Shareholder Proposal" to the Amended Complaint. The description of the proposal, dated August 25, 2010, is as follows:

> Amend Amex's Employee Code of Conduct [the "Code"] to include mandatory penalties for non-compliance, the precise scope of which shall be determined by a "Truth Commission" after an independent outside compliance review of the Code conducted by outside experts and representatives of Amex's board, management, employees and shareholders.

(Am. Compl. Attach. at 6).[1]  In their moving papers, Defendants assert that Lindner had not yet submitted this proposal for inclusion in the 2011 proxy materials, and therefore the issue was not yet ripe for adjudication.  (See Memorandum of Law in Support of the American Express Defendants' Motion to Dismiss at 11-14) (Dkt. No. 14).  Since Defendants' initial Memorandum of Law, Lindner has submitted his shareholder proposal to American Express for inclusion in the 2011 proxy materials.  In their reply papers, Defendants include a "Notice of Shareholder Proposal" from Lindner dated November 8, 2010, along with a transmission e-mail from Lindner to Defendants' counsel.  (See Reply Declaration of Joseph N. Sacca in Support of the American Express Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Reply Decl.") at Ex.

---

[1]   Affixed to Lindner's four-page Amended Complaint is a seven-page Attachment. Citations to pages in the Amended Complaint will appear as "Am. Compl. at ___" and citations to pages in the Attachment will appear as "Am. Compl. Attach. at ___."

A) (Dkt. No. 38). The description of the proposal is identical to the proposal attached to Lindner's Amended Complaint, except for one additional sentence appearing after the quoted language above: "This is especially with regard to EEOC (Equal Employment Opportunity Commission) cases and alleged discrimination by Amex." (Id.) As a result, the Court will consider Lindner's proposal submitted on November 8, 2010 as the proposal at issue, even though it was attached to Defendants' reply papers and was submitted after Lindner filed his Amended Complaint. See Am. Motorists Ins. Co. v. United Furnace Co., 876 F.2d 293, 302 n.4 (2d Cir. 1989) ("We note that it is irrelevant whether the case was ripe for review when the complaint was filed. Intervening events relevant to the ripeness inquiry should be considered and may be determinative.").

On October 20, 2010, Defendants American Express, Kenneth Chenault, Ashwini Gupta, and Louise M. Parent moved to dismiss the Amended Complaint. The remaining defendant, Stephen Norman, has not joined in the motion. On December 8, 2010, the Court agreed to suspend further briefing on the motion pending a response from the Securities and Exchange Commission ("SEC") to American Express' request for a no-action letter. (See Dkt. No. 25). On January 28, 2011, the Court set a schedule to conclude briefing on the motion. (Dkt. No. 29). Lindner filed his opposition papers on March 15, 2011, and Defendants replied on March 21, 2011. (Dkt. Nos. 37, 38). American Express held its 2011 shareholders meeting on May 2, 2011. American Express Co., Definitive Proxy Statement (Schedule 14A) (March 22, 2011), http://www.sec.gov/Archives/edgar/data/4962/000119312511073746/ddefc14a.htm.

Defendants assert that Lindner's proposal is excludable on two grounds recognized by the SEC: (1) it relates to the redress of a personal claim or grievance against American Express, and (2) it deals with a matter—the Employee Code of Conduct (the "Code")—that relates to

American Express' ordinary business operations.  (See Defendants' Reply Memorandum in

Support of the American Express Defendants' Motion to Dismiss ("Defs.' Reply") at 5-10) (Dkt.

No. 37).[2]  Defendants also rely on an SEC no-action letter obtained prior to American Express'

decision to exclude Lindner's proposal.  (Id. at 4).  The no-action letter found that the Company

may exclude Lindner's 2011 proposal as relating "to the redress of a personal claim or grievance

against the company" and that the SEC would not recommend an enforcement action against

American Express if it excluded the proposal on that basis.  See American Express Co., SEC No-

Action Letter, 2010 WL 5088772, at *1 (Jan. 13, 2011).

By Lindner's own admission, his 2011 proposal is "substantially the same" as proposals

he has submitted to American Express every year dating back to 2007.  (Am. Compl. Attch. at

1).  In each of those years, from 2007 to 2010, American Express has excluded Lindner's

proposals after obtaining no-action letters from the SEC.  See American Express Co., SEC No-

Action Letter, 2010 WL 147299 (Jan. 12, 2010) (finding that American Express may exclude

Lindner's 2010 proposal as untimely under Rule 14a-8(e)(2)); American Express Co., SEC No-

Action Letter, 2009 WL 1135250 (Jan. 22, 2009) (finding that American Express may exclude

Lindner's 2009 proposal as "relating to American Express' ordinary business operations (i.e.,

terms of its code of conduct)" under Rule 14a-8(i)(7)); American Express Co., SEC No-Action

Letter, 2008 WL 353401 (Feb. 4, 2008) (finding that American Express may exclude Lindner's

2008 proposal as untimely under Rule 14a-8(e)(2)); American Express Co., SEC No-Action

Letter, 2007 WL 6346724 (Jan. 23, 2007) (finding that American Express may exclude Lindner's

---

[2]       In their initial Memorandum of Law, Defendants also argued that Lindner's claims regarding the 2010
shareholders meeting were barred under the principle of res judicata, since those claims were addressed by
Judge Stein in Lindner v. American Express Co., No. 10 Civ. 2267 (SHS) (S.D.N.Y. filed March 15, 2010).
The Court need not address this argument since the Amended Complaint, which asserts claims in
connection with the 2011, not 2010, shareholders meeting, is the operative complaint.  The initial
Complaint regarding the 2010 meeting has no legal effect.  See Int'l Controls Corp. v. Vesco, 556 F.2d
665, 668 (2d Cir. 1977) ("[A]n amended complaint ordinarily supersedes the original and renders it of no
legal effect.").

2007 proposal as "relating to American Express' ordinary business operations (i.e., terms of its code of conduct)" under Rule 14a-8(i)(7)).

Lindner also challenged the exclusion of his 2010 proposal in an action for injunctive relief, seeking an order directing American Express to include his 2010 proposal and nomination in the Company's 2010 proxy materials. See Lindner v. American Express Co., No. 10 Civ. 2267 (SHS) (S.D.N.Y. filed March 15, 2010) (the "2010 Action"). At a hearing on April 2, 2010, the Honorable Sidney H. Stein denied Lindner's motion. (Id. at Dkt. No. 11). The Second Circuit dismissed Lindner's appeal on February 22, 2011. (Id. at Dkt. No. 22).

## II.   DISCUSSION

### A. Standard of Review

Defendants have moved to dismiss Lindner's Amended Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See, e.g., Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., 568 F.3d 374, 376 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. Twombly, 550 U.S. at 555.

Complaints prepared by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." Peay v. Ajello, 470 F.3d 65, 67 (2d Cir. 2006). Because Lindner filed his pleadings pro se, the Court must liberally construe them and interpret his amended complaint "to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). However, the Court need not accept as true "conclusions of law or unwarranted deductions of fact." See, e.g., First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citation and quotation omitted).

When deciding a 12(b)(6) motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, the court may also rely upon "documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted). The court can also consider "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quotation omitted); see also Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of regulatory filings).

Defendants have moved to dismiss Lindner's claims relating to the Company's exclusion of his shareholder proposal from its 2011 proxy materials. The Securities Exchange Act of 1934 Rule 14a-8, which governs shareholder proposals, requires corporations to include proposals from eligible shareholders in its proxy materials. See 17 C.F.R. § 240.14a-8 (2011). Corporations are permitted to exclude a shareholder proposal on one or more of the SEC's articulated bases. See 17 C.F.R. § 240.14a-8(i) (2011). Where a company considers excluding a proposal from its proxy materials, it may seek a "no action" letter from the SEC, in which the

SEC staff "informs the company whether the SEC believes the shareholder proposal may be omitted and opines on the SEC's enforcement position should the proposal be omitted." Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc., 821 F. Supp. 877, 883 (S.D.N.Y. 1993).

While SEC no-action letters have no precedential effect, they may be treated as persuasive. See Christensen v. Harris County, 529 U.S. 576, 587 (2000) (noting that interpretations such as those in opinion letters are not afforded deference but are persuasive); Allaire Corp. v. Okumus, 433 F.3d 248, 254 (2d Cir. 2006); Mony Group, Inc. v. Highfields Capital Mgmt., L.P., 368 F.3d 138, 146 (2d Cir. 2004). However, "[e]ven when district courts have ruled in accord with no-action letters, they almost always have analyzed the issues independently of the letters." N.Y. City Emps.' Ret. Sys. v. SEC, 45 F.3d 7, 13 (2d Cir. 1995). SEC conclusions are "entitled to careful consideration as 'represent[ing] the views of persons who are continuously working with the provisions of the statute involved.'" Donaghue v. Accenture Ltd., No. 03 Civ. 8329 (NRB), 2004 WL 1823448, at *3 (S.D.N.Y. Aug. 16, 2004) (quoting 17 C.F.R. § 202.1(d)).

## B. Lindner's Claims Relating to the 2011 Shareholders Meeting Should be Dismissed as Moot

The Court should dismiss Lindner's claims as they relate to American Express' 2011 shareholders meeting because, that meeting having already taken place, his claims are now moot, and the Court no longer has subject matter jurisdiction over them. The valid exercise of subject matter jurisdiction requires that a federal court adjudicate an actual controversy at all stages of review, not merely at the time the complaint was filed. See U.S. Const. art. III, § 2, cl. 1; Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974); Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001) (citation omitted). A case becomes moot when the issues presented are no longer live, the

parties lack a legally cognizable interest in the outcome, or where an intervening event while the action is pending renders it impossible to grant any form of relief to the plaintiff. Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 70 (2d Cir. 2001); Freedom Party of N.Y. v. N.Y. State Bd. of Elections, 77 F.3d 660, 662 (2d Cir. 1996). Where a claim has become moot prior to the entry of final judgment, "the district court generally should dismiss the claim for lack of jurisdiction." Altman, 245 F.3d at 70. The Court has a duty to dismiss an action sua sponte where subject matter jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3); Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).

Courts have recognized a narrow exception to this rule allowing adjudication of a moot claim that is "capable of repetition, yet evades review." City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). This principle is recognized where there is a "sufficient likelihood that [plaintiff] will again be wronged in a similar way, and that any resulting claim [plaintiff] may have for relief will surely evade . . . review." Honig v. Doe, 484 U.S. 305, 322-23 (1988) (citation and quotation omitted). For a non-class action case, "the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration" and "there [must be] a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).

According to its Proxy Statement, American Express held its annual shareholders meeting on May 2, 2011. The meeting having already taken place, the Court finds that as to Lindner's claims relating to the 2011 meeting, it cannot grant any form of relief to Plaintiff. See, e.g., Bader v. Goldman Sachs Group, Inc., 311 F. App'x 431, 432 (2d Cir. 2009) (summary order) (on appeal, finding motion for preliminary injunction to enjoin issuance of proxy statement moot after defendant issued proxy statement in light of district court's denial of

8

motion); Indep. Party of Richmond Cnty. v. Graham, 413 F.3d 252, 256 (2d Cir. 2005) (finding that circuit court's affirming or reversing district court decision on injunction relating to historical event "would not have any effect on the rights or obligations of the parties"). Lindner's Amended Complaint no longer presents a live case or controversy regarding American Express' inclusion of his proposal and nomination in the 2011 proxy materials. The issue is, therefore, moot and this Court no longer has subject matter jurisdiction over these claims.

I recommend that the Court decline to apply the "capable of repetition, yet evades review" exception as Lindner's claims do not satisfy the second prong. It is easy to imagine that Lindner, who has sought to include his proposal and nomination in the Company's proxy materials since 2007 and has previously sought judicial intervention, will again bring a similar lawsuit against American Express relating to a future shareholder meeting. Such a lawsuit, however, would not evade review. If Lindner offers the same proposal next year, he will have the opportunity to bring an appropriate action to prevent exclusion, as he has done in the past. Compare N.Y. City Emps.' Ret. Sys. v. Dole Food Co., 969 F.2d 1430, 1434-35 (2d Cir. 1992) (action does not evade review where plaintiff can bring another action in another year to prevent inclusion of proposal in proxy material) with Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 648 (2d Cir. 1998) (adjudication period would evade review where plaintiff had only a few weeks between being notified that parade permit was denied and date of parade in which to obtain judicial review). In light of the absence of subject matter jurisdiction, I recommend that the Court dismiss Lindner's claims against Defendants for failure to include his proposal and nomination in the 2011 proxy materials.

### C. Lindner's Claims Relating to the 2011 Proposal Should be Dismissed

In addition to dismissal on the basis of subject matter jurisdiction, the Court should also dismiss Lindner's claims relating to the 2011 proposal because American Express properly excluded that proposal under SEC Rules 14a-8(i)(4) and 14a-8(i)(7) and therefore Lindner has failed to state a cognizable claim for relief.

#### 1.  Rule 14a-8(i)(4)

The SEC allows a corporation to exclude a shareholder proposal "[i]f the proposal relates to the redress of a personal claim or grievance against the company or any other person, or if it is designed to result in a benefit to [the proponent], or to further a personal interest, which is not shared by the other shareholders at large." 17 C.F.R. § 240.14a-8(i)(4) (2011). The SEC has issued no-action letters allowing companies to exclude proposals from former employees making repeated proposals relating to personal grievances and who are engaged in litigation against the company. See, e.g., General Electric Co., SEC No-Action Letter, 2007 WL 162273 (Jan. 12, 2007); Morgan Stanley, SEC No-Action Letter, 2004 WL 111573 (Jan. 14, 2004).

Lindner's 2011 Proposal falls squarely into this category. Lindner's Amended Complaint and motion papers are replete with facts demonstrating that Lindner's proposal was motivated by his personal history with the Company. Lindner offers that his reasons for submitting the proposal are "[p]ersonal experience by Mr. Lindner of discrimination in violation in [sic] Title VII of the Civil Rights Act of 1964 and anecdotal evidence that the Code is breached and not enforced." (Reply Decl., Ex. A at 4). Lindner adds that "[h]e has been wronged by [American Express] employees' breach of the Code and [its] failure to enforce the Code against those employees." (Id. at 5).

In support of his shareholder proposal, Lindner makes many assertions relating to the termination of his employment with American Express. Lindner was employed until 1998 by American Express, where he alleges he suffered discrimination on account of his sexual orientation. In 1999, he filed an action with the Equal Employment Opportunity Commission and in the Civil Court of the City of New York arising out of his termination by the Company. In 2000, Lindner settled both actions. In 2006, Lindner brought a lawsuit in this District, before the Honorable John G. Koeltl, against an American Express division and employee for alleged breach of that settlement agreement, along with retaliation, defamation, and tortious interference arising out of his termination from the Company. See Lindner v. Am. Express Corp., No. 06-3834 (JGK) (THK) (S.D.N.Y. filed May 19, 2006) (the "2006 Action"). Lindner and the defendants have since settled that action.[3]

Lindner alleges that during the course of these events he has been harmed by various American Express employees' breaches of the Code of Conduct. For example, in his proposal, he writes that "[i]n January 2009, [American Express'] employees admitted under oath a breach in March 2007 of an out-of-court settlement regarding gay discrimination against Mr. Lindner." (Reply Decl., Ex. A at 4). Lindner further asserts that that alleged breach, and an effort to cover up that breach, are "sign[s] that the Code of Conduct is not working." (Id.) These allegations are directly related to Lindner's many lawsuits against American Express, which he has filed to redress his personal grievances against the Company. Though Lindner has styled his effort to amend the Code as one that will benefit the entire Company, it is apparent that the proposal, along with Lindner's multiple lawsuits against the Company, is merely part of Lindner's

---

[3]     Judge Griesa, to whom the case was recently transferred, denied Lindner's application to vacate the settlement in an Order dated December 23, 2010. (See 2006 Action, Dkt. No. 255).

personal campaign to address the harm he alleges that he has suffered at the hands of his former employer.

In addition, the Court should be guided by the SEC's interpretation of Lindner's 2011 proposal.  In December 2010, American Express submitted to the SEC a no-action letter request seeking the SEC's interpretation of Lindner's 2011 proposal.  The SEC's no-action letter found that "[t]here appears to be some basis for [the] view that American Express may exclude [Lindner's] proposal under rule 14a-8(i)(4)."  The SEC further noted that Lindner's proposal "appears to relate to the redress of a personal claim or grievance against the company."  See American Express, 2010 WL 5088772, at *1.  Given that American Express decided to exclude Lindner's 2011 Proposal "in light of the SEC's no-action letter," the Court should find that the proposal's exclusion is proper and that Lindner's claim for injunctive relief fails.  (Defs.' Reply at 4).

## 2.  Rule 14a-8(i)(7)

Rule 14a-8(i)(7) states that a shareholder proposal can be excluded if it "deals with a matter relating to the company's ordinary business operations."  17 C.F.R. § 240.14a-8(i)(7) (2011).  This provision provides another basis on which Lindner's 2011 proposal was properly excluded from American Express' 2011 proxy materials.  The SEC has recognized that proposals relating to compliance codes of conduct are excludable because they deal with a company's ordinary business operations.  See, e.g., Verizon Communications Inc., SEC No-Action Letter, 2010 WL 5169382 (Jan. 10, 2011); Monsanto Co., SEC No-Action Letter, 2005 WL 6065453 (Nov. 3, 2005).  Similarly, Lindner's proposal deals with American Express' ordinary business operations because it seeks to amend the Company's Code of Conduct.  Lindner's plan to institute mandatory penalties for non-compliance with the Code is one that affects the

enforcement of ethical standards at American Express. The SEC has repeatedly found that such proposals are excludable under Rule 14a-8-(i)(7). See, e.g., International Business Machines Corp., SEC No-Action Letter, 2010 WL 4922403 (Jan. 7, 2010) (finding proposal "to direct the officers of the company to clearly and unambiguously restate and enforce the traditional standards of ethical behavior" excludable under Rule 14a-8-(i)(7)).

Though the SEC's no-action letter interpreting Lindner's 2011 proposal did not cite Rule 14a-8(i)(7) as an alternate basis for exclusion, its no-action letters in 2007 and 2009 permitted American Express to exclude his proposal on that basis. The 2007, 2009, and 2011 proposals are substantially identical, as admitted by Lindner in his Amended Complaint. (Am. Compl. Attach. at 1). In both 2007 and 2009, the SEC found that "American Express may exclude the proposal under rule 14a-8(i)(7), as relating to American Express' ordinary business operations (i.e., terms of its code of conduct)." See American Express Co., 2009 WL 1135250, at *1; American Express Co., 2007 WL 6346724, at *1. Lindner's 2011 proposal was excludable for the same reason.

**D. Lindner's Claim Relating to His Nomination as a Director Should be Dismissed**

Lindner's Amended Complaint also seeks an order compelling American Express to put his nomination to the Board of Directors before the shareholders at the 2011 meeting. This claim should be dismissed as well. The SEC does not require a corporation to include a shareholder nomination to the Board of Directors in its proxy statement. See Chambers v. Briggs & Stratton Corp., 883 F. Supp. 374, 377 (E.D. Wis. 1995). Although the SEC has proposed Rule 14a-11, which would grant eligible shareholders a limited right to have director nominees included in annual proxy statements, it has stayed the enactment of the rule pending a legal challenge. Facilitating Shareholder Director Nominations, Securities Act Release No. 9151, Exchange Act

13

Release No. 63,109, Investment Company Act Release No. 29,462, 75 Fed. Reg. 64,641 (Oct. 20, 2010). See also Business Roundtable, et al. v. SEC, No. 10-1305 (D.C. Cir, filed Sept. 29, 2010).

Moreover, American Express' decision to exclude Lindner's nomination from the proxy materials does not preclude Lindner from nominating himself as a director at the meeting. Indeed, the Company's Proxy Statement, while stating that American Express' Nominating Committee had decided not to nominate Lindner as a director, also acknowledges that Lindner notified the Company that he intends to nominate himself at the meeting. See American Express Co., Definitive Proxy Statement (Schedule 14A) (March 22, 2011), http://www.sec.gov/ Archives /edgar/data/4962/000119312511073746/ddefc14a.htm. (See also 2010 Action, Dkt. No. 19 (denying Lindner's request to be included in 2010 proxy materials since he could still nominate himself at the meeting)). Lindner's claim regarding his nomination should therefore be dismissed.

### E. Lindner's Remaining Claims Should Be Dismissed

In addition to his claims relating to the 2011 shareholders meeting, Lindner also makes other demands that relate to the 2006 Action and to the alleged breach of the Code of Conduct by American Express employees. Each of these claims should be dismissed.

#### 1. Release of Discovery Items Ordered Under Seal in the 2006 Action

Lindner requests a court order compelling American Express to "publicly release the document (the alleged oral agreement) previously requested by [American Express] to be under Court seal." (Am. Compl. Attach. at 5). This demand appears to relate to orders by Magistrate Judge Theodore Katz in the 2006 action relating to the disclosure of DVD recordings of depositions and other discovery items in that case. (See Plaintiff's Opposition to Defendants'

14

Motion to Dismiss ("Pl. Opp'n") at 12-14). Any request to unseal documents is properly made in the 2006 Action to Judge Katz, and not in this action. See United States v. GAF Corp., 596 F.2d 10, 16 (2d Cir. 1979) ("[M]odification of an existing protective order normally should be made to the judge who is in control of the private litigation in which it is still pending."). Moreover, Lindner appears to have previously raised this argument in both the 2006 Action and the 2010 Action, in which Judge Katz and Judge Stein respectively rejected Lindner's application. (See 2006 Action, Dkt. Nos. 169, 258; 2010 Action, Dkt. Nos. 11, 19).

## 2. Breach of the Code of Conduct and Settlement Agreement

Lindner demands that American Express "release a statement indicating from each of the participants on when and whether Qing Lin followed the [Employee Code of Conduct's] protocol for informing his manager Ash Gupta of the breach of the agreement signed by Mr. Gupta, and when/whether Mr. Gupta then followed the Code's protocol to inform the Secretary of the Corporation Mr. Norman, and when/whether Mr. Chenault was aware of these events when Mr. Chenault replied to Mr. Lindner at the April 2009 Shareholders Meeting that these employees handled the situation as per the Code's values with integrity as Mr. Chenault indicated." (Am. Compl. Attach. at 5). Lindner also states that American Express "should reveal the amount of money (financial rewards) that Qing [Lin] accrued by waiting 4 years to announce that he breached the June 2000 Amex-Lindner Contract." (Id.) Lastly, Lindner requests that American Express should "indicate how, when and if the decision to turn [American Express] into a bank and then to take federal [Troubled Asset Relief Program] on or about November 2008 was or should have been influenced by the actions of Qing [Lin] and his boss, Ash Gupta (President of [American Express] Banking), considering that Title VII of the

Civil Rights Act of 1964 which applies to discrimination by a corporation would now be augmented by Title VI which covers companies using federal funds." (Id.)

To the extent the Court is able to interpret them, these claims all appear to relate to American Express employees' alleged breach of the Code of Conduct, arising out of Lindner's termination from the Company. These demands amount to discovery relating to Lindner's employment and the alleged breach of the settlement. They are properly asserted, if at all, in the 2006 Action. The Court should therefore dismiss these claims.

### 3. Any Remaining Claims Should Be Dismissed

Lindner appears to assert two additional claims in his opposition papers, neither of which appear in his Amended Complaint. First, Lindner states that Defendant Kenneth Chenault made misleading statements to American Express shareholders at the 2009 meeting, which Lindner claims is "an SEC violation." (Pl. Opp'n at 4-5). Second, Lindner alleges that American Express' outside attorneys have violated New York Judiciary Law Section 487, which permits recovery in a civil action against an attorney who has intended to deceive the court. (Pl. Opp'n 22-24). N.Y. Judiciary Law § 487(1) (McKinney 2011).

These claims should be dismissed because Lindner has failed to properly present them to the Court. These arguments are raised for the first time in Lindner's opposition to the motion to dismiss and are beyond the scope of what the Court can consider in deciding Defendants' motion. Moreover, Lindner's attempt to interpose two new arguments into his opposition papers does not constitute an application to the Court to further amend his Complaint. See O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

### F. Lindner's Claims Against Defendant Norman Should be Dismissed

Defendants' motion to dismiss was not filed on behalf of the remaining individual defendant, Stephen Norman, whom Lindner identifies in the Amended Complaint as the "(former) Secretary of the Corporation" in his Amended Complaint. (Am. Compl. at 2). The docket sheet reflects that Mr. Norman was served process on December 6, 2010. (See Dkt. No. 28). Mr. Norman has not responded to the Amended Complaint. The Court notes that the Amended Complaint makes no mention of Norman other than his involvement in the alleged breaches of the settlement agreement and the Code of Conduct, both of which are the subject of another pending litigation. (See supra Section II, E). Because Lindner's claims against Defendant Norman would be subject to dismissal for the same reasons, I recommend that the Court sua sponte dismiss the Amended Complaint as to Defendant Norman.

### III.    CONCLUSION

For the reasons stated herein, I recommend that the Court grant Defendants' motion to dismiss Lindner's claims relating to the 2011 meeting for lack of subject matter jurisdiction. The Court should also dismiss those claims because American Express properly excluded Lindner's proposal and nomination under SEC Rules and, in any event, the claims are now moot because the meeting has already taken place. The Court should grant Defendants' motion to dismiss Lindner's remaining claims, as those allegations relate to the 2006 Action. The Court should also dismiss sua sponte all claims against Defendant Norman.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Defendants' counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
        June 27, 2011

JAMES L. COTT
United States Magistrate Judge

18

**Copies of this Memorandum and Order have been mailed to the following:**

Hon. Jed S. Rakoff

Peter W. Lindner
1 Irving Place
#G-23-C
New York, NY 10003

Joseph N. Sacca
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-3522
Tel: 212-735-3000
Fax: 212-735-2000
Email: jsacca@skadden.com